## R. H. MORRISON V. ELIZABETH HAZZARD ET AL.

### No. 1535. Decided March 19, 1906.

**1.—Contract—Parol Evidence—Estate.**

A contract for the sale of lots purporting to be made by the agent for the estate of F. L., though alleged in the petition to be made by the agent of F. L., and of the heirs of an estate of which he was administrator, will not, in the absence of allegations of mistake, support an action against them to enforce specific performance of the contract. (Pp. 587, 588.)

**2.—Contract—Varying by Parol.**

Parol evidence is not admissible to show that parties to a contract used language in a sense different from its ordinary meaning, which would effectually vary the terms of the contract. (P. 588.)

**3.—Contract of Sale—Joinder of Parties.**

Where a contract by an agent embraced in one sale adjoining lots owned by different parties, it was proper for the purchaser to join them in one suit for specific performance or damages, so that the plaintiff might perform to each party his part of the agreement and the consideration might be apportioned among them.   (P. 588.)

**4.—Description Aided by Parol Evidence.**

Where, in a contract by an agent for sale of lots of 100 feet frontage of which 75 feet belonged to one owner and 25 to another, the entire property was correctly described, and the proportion owned by each designated, but not respectively located by the contract, the description could be aided by parol evidence.   (P. 588.)

Error to the Court of Civil Appeals for the Third District, on error from Dallas County.

Morrison sued Hazzard and others, and prosecuted error from a judgment sustaining a general demurrer and dismissing his petition.  On affirmance he obtained writ of error from the Supreme Court.

*Cobb & Avery,* for plaintiff in error.—A memorandum of the sale of land, signed by the agent of the seller, and showing on its face that the agent, as agent, sells to a certain named person, is sufficient, under the statute of frauds, to bind the agent's principal to specific performance, where the writing does not contain the name or any description of the principal who is selling by agent, and the name of the principal may be shown by parol testimony.  Rev. Stat., art. 2543; Heffron v. Pollard, 73 Texas, 96; Sanger v. Warren, 91 Texas, 481; Texas L. & C. Co. v. Carroll & Iler, 63 Texas, 48; Tynan v. Dullnig, 25 S. W. Rep., 465; Salmon Falls Mfg. Co. v. Goddard, 14 How., 446; Baldwin v. Bank of Newbury, 1 Wall., 234; Neaves v. North State Min. Co., 90 N. C., 412; 47 Am. Rep., 529; Barham v. Bell, 112 N. C., 131; Briggs v. Partridge, 64 N. Y., 357; Nicoll v. Burke, 78 N. Y., 580; Waddill v. Sebree, 88 Va., 1012; 29 Am. St. Rep., 766; Elkins v. Boston & M. R. R. Co., 19 N. H., 337; 5 Am. Dec., 184; Dietz v. Providence Insurance Co., 31 W. Va., 851; 13 Am. St. Rep., 909; Powell v. Wade, 109 Ala., 95; 55 Am. St. Rep., 915; Gowen v. Klous, 101 Mass., 449; Note of Editor of Am. St. Rep., vol. 55, p. 916, et seq.

If the description of the principals be imperfect or ambiguous, extrinsic evidence may be resorted to to ascertain the meaning and intent of the parties in its use, and when thus ascertained, it will be held to apply to those principals intended by the parties to the contract. Weed v. London & L. Fire Ins. Co., 116 N. Y., 114; Clinton v. Hope Ins. Co., 45 N. Y., 460; Gowen v. Klous, 101 Mass., 449.

The Court of Civil Appeals erred in holding that "the writing, while purporting to sell two certain lots in a certain block in the city of Dallas, shows on its face that the estates of F. Lawrence and E. Hazzard own separate and distinct parts of said lots, but fails in any manner to describe the respective parts owned by each"; and that this is "a fatal defect or omission in the writing, and can not be remedied by parol evidence"; and that the description of the land in the contract

sued on was not a sufficient description. Ragsdale v. Mays, 65 Texas, 256; Watson v. Baker, 71 Texas, 747; McCarty v. May, 74 S. W. Rep., 804; Nye v. Moody, 70 Texas, 434; Wofford v. McKinna, 23 Texas, 36; Fulton v. Robinson, 55 Texas, 401; Morrison v. Dailey, 6 S. W. Rep., 427.

In this state the written contract for sale of land, under the statute of frauds, need not state the price to be paid for the land, but that may be shown by parol. Fulton v. Robinson, 55 Texas, 401; Morrison v. Dailey, 6 S. W. Rep., 427; Adkins v. Watson, 12 Texas, 201; Ellett v. Britton, 10 Texas, 209.

*Bryan T. Barry, Etheridge & Baker* and *H. L. Bromberg,* for defendants in error.—A pretended contract to convey real estate, which does not by its terms bind the party sought to be charged thereby, can not form the basis of a suit in equity against said parties, the object of which is to divest them of their title.

A contract to convey real estate, disclosing on its face a diversity of owners of particular portions of the real estate, which does not point out the portion owned by each, lacks certainty, and does not afford a basis for a suit for specific performance.

Equity will not entertain a suit for specific performance upon a contract confessedly insufficient, where the pleader sets up and must rely on a supposed intention contrary to the language of the contract as to who is to be bound, and where he seeks by parol to supply an absence of lawful description of property, no plea for reformation of contract being made. Mentz v. Newwitter, 122 N. Y., 491; Clampet v. Bells, 39 N. W. Rep., 495; McGovern v. Hern, 153 Mass., 309; Grafton v. Cummings, 99 U. S., 100; Zanderson v. Sullivan, 91 Texas, 499; Fulton v. Robinson, 55 Texas, 401; Rev. Stat. Texas, 1895, art. 2543.

A foreign administrator, who has complied with no local laws relating to the handling of estates of decedents, has no legal interest in or control over land in Texas. He has no legal existence so far as proceedings, nominally against the estate he represents, are concerned in a foreign jurisdiction. The land vests in the heirs of the decedent or in his devisees, if a will be made, subject to local administration only. Carr v. Wellborn, Dallam, 624; Simpson v. Foster, 46 Texas, 623; Terrell v. Crane, 55 Texas, 81; Hynes v. Winston, 54 S. W. Rep., 1069.

A suit against any administrator upon a supposed contract to convey real estate, which does not allege facts showing his authority to make the contract, is subject to demurrer, and this for the reason that he has no implied, actual or apparent authority to make any sale not ordered by a court of competent jurisdiction.

A pleading is vulnerable to exception which seeks to control the language of a written contract by extraneous alleged parol intentions, no fraud, mistake or accident being alleged, and no reformation of the contract being sought.

BROWN, ASSOCIATE JUSTICE.—R. H. Morrison instituted this suit in the District Court of Dallas County against Elizabeth Hazzard, a resident of the State of Pennsylvania; B. O. Weller, a resident of Dallas

County, Texas; H. A. Kahler, a resident of the State of New York; Franklin Lawrence, administrator, etc., or Archilus Lawrence, resident of Pennsylvania, and many persons who are nonresidents of this state, charged to be the heirs of said Archilus Lawrence and Franklin Lawrence, each deceased, but we deem it unnecessary to give the names of the alleged heirs. The petition alleged in substance that H. A. Kahler and B. O. Weller, acting as agents of the defendants, made and delivered to Morrison the following contract in writing:

"DALLAS, TEXAS, May 20, 1901.

"Received of R. H. Morrison, through Murphy & Bolanz, the sum of $250 in part payment for lots 7 and 8 in block 97-¼-136, according to Murphy & Bolanz's official map of the city of Dallas, Texas, said lots fronting together 100 feet on the north line of Jackson Street and 90 feet on the west line of Prather Street, this day sold by me as agent of the estate of F. Lawrence, 25 feet, and E. Hazzard 75 feet to the said R. H. Morrison, for the purchase price of $5,000, upon the following terms: $3,000 cash, and the balance in two notes of equal payments, and due and payable one and two years after date, with 6 per cent interest, the interest payable semiannually as it accrues, with the privilege granted the maker of paying off any or all of said notes at any time before the maturity upon giving sixty days' notice, said notes to be secured by the usual form of vendor's lien and deed of trust upon the property, conditioned upon a good and authentic abstract showing good and acceptable title to the property, and should the title to the same prove not good, and can not be made good within a reasonable time, say not to exceed sixty days from the date hereof, then I obligate myself to return to the said Morrison the sum of $250 now paid, upon the return and cancellation of this receipt, balance of cash payment to be made and notes and deed of trust to be executed at once upon delivery of special warranty deed, properly conveying the hereinbefore described property. It being understood that the property is to be free and clear of all incumbrances of whatsoever nature, including taxes for the year 1901.

"............................,

"(Agent of) H. A. Kahler, by B. O. Weller.

"Accepted: R. H. Morrison."

It was charged that Kahler and Weller were the duly authorized agents of the several defendants, and fully empowered to make and deliver the said contract in writing. The petition alleged that Mrs. Hazzard and the estate of Archilus and Franklin Lawrence owned the land described in the contract in the following proportions: First— The estate of Archilus and Franklin Lawrence owned that portion described thus: beginning at the point of intersection at the west line of Prather Street with the north line of Jackson Street; thence westwardly with the north line of Jackson Street 25 feet; thence northwardly parallel with Prather Street 90 feet; thence eastwardly parallel with Jackson Street 25 feet to the west line of Prather Street; thence southwardly 90 feet to the beginning. That Mrs. Hazzard owned that

portioⱡ described as follows: being all of lot 7 and west one-half of lot 8 in block 97-¼-136, etc., beginning in the north line of Jackson Street 25 feet westwardly from the intersection of the west line of Prather Street with the north line of Jackson Street; thence westwardly with north line of Jackson Street 75 feet; thence northwardly 90 feet to the northwest corner of lot 7; thence eastwardly parallel with Jackson Street 75 feet; thence southwardly parallel with Prather Street 90 feet to the beginning. It was alleged that by agreement the entire property was put upon sale as a whole, with the understanding that the owners should participate in the proceeds in proportion to their interest therein, and that the said agents, Kahler and Weller, were authorized to sell the entire property for a lump sum, and to make the contract in the name of all of the parties. Morrison alleged that he paid the cash consideration expressed in the contract at the time it was made, and that he had always been ready, willing and able to perform his part of the contract, and had so notified the defendants. He alleged that the stipulation contained in the said contract, to the effect that if the title could not be made within sixty days the $250 should be returned, was, by agreement of the parties, waived, and that time was not the essence of the contract. The petition prayed for specific performance of the contract, and, if it could not be so decreed, then for damages for the difference between the value of the property when the contract was made and at the time of the trial, alleging that at the time the contract was made the 25 feet was worth $1,500, and that at the time of the filing of the petition it was worth $5,000; and that at the date of the contract the 75 feet was worth $3,500, and at the date of the filing of the petition it was worth $7,500. Plaintiff also prayed that in case he was not entitled to a specific performance of the contract by reason of the want of authority on the part of Kahler and Weller to make it, that he should be decreed compensation against the said Kahler and Weller for the damages arising out of the breach of the said contract, charging that he was unaware of their want of authority at the time the contract was made. All of the defendants filed a general demurrer to the petition, and Mrs. Hazzard filed a special exception on the ground that there was a misjoinder of parties and of causes of action. The trial court sustained the general demurrer and exception, and the plaintiff declining further to amend, the cause was dismissed. The Court of Civil Appeals affirmed the judgment of the trial court.

The contract sued on purports to have been made by the agent of the estate of F. Lawrence. The petition alleges that F. Lawrence was administrator and executor of the estates of Archilus Lawrence and of Franklin A. Lawrence and Hannah Lawrence, but does not show whether those estates were being administered in Texas or elsewhere; but it matters not whether the administration was carried on in Texas or in another state; the allegations of the petition do not show any legal authority in the agent to sell the property of the estates; therefore, the petition shows no cause of action against the administrator, nor those parties who were alleged to be the heirs of Archilus, Franklin and Hannah Lawrence. It is alleged in the petition that the parties understood the word "estate," in the contract, to mean the heirs of

Archilus, Franklin and Hannah Lawrence, deceased; but there is no allegation that there was any mistake in preparing the contract, or in the language used therein. Parol evidence is not admissible to show that parties to a contract used language in a sense different from its ordinary meaning, for that would effectually vary the terms of the contract. Moran v. Prather, 23 Wall., 492; Wilmering v. McGaughey, 30 Iowa, 205; 6 Am. Rep., 673; Pillsbury v. Locke, 33 N. H., 96; 66 Am. Dec., 711; 17 Am. & Eng. Ency., p. 11. It follows that the trial court properly sustained the general demurrers of F. Lawrence and those persons who are alleged to be the heirs of Archilus Lawrence, Franklin Lawrence and Hannah Lawrence.

It appears from the contract that it was made on behalf of the estate of F. Lawrence for 25 feet, and on behalf of Mrs. Hazzard for 75 feet, out of the 100 by 90 feet constituting lots 7 and 8 in the block mentioned in the contract. The contract was joint between Mrs. Hazzard and the other parties made defendants herein, and the land was sold for a lump sum of money, so that to enforce the contract it was proper that all of the parties should be joined in one suit, that the plaintiff might perform to each party his part of the agreement, and that the consideration might be apportioned among them. The special exceptions on behalf of Mrs. Hazzard, setting up misjoinder of parties and causes of action, were improperly sustained.

The description of the land as a whole is as definite as need be, but the location of the respective parcels of 25 feet and 75 feet within the lots is not given, and the question arises, is extraneous evidence admissible to show the location of each parcel? There being two parcels in the given area, the location of one would necessarily fix the place of the other. The petition describes each parcel, and it is permissible to prove the facts by evidence outside the terms of the contract. The general demurrer of Mrs. Hazzard was improperly sustained. Hermann v. Likens, 90 Texas, 448; Giddings v. Day, 84 Texas, 605; Smith v. Crosby, 86 Texas, 15.

The discrepancy between the allegations of the petition and the contract, as to the ownership of the 25 feet, does not militate against our conclusion; for whether it be the property of the estate of F. Lawrence, or the property of an estate of which he is administrator, the contract shows that the two lots are owned by the two titles only, which makes the location of each not only lawfully possible, but practically easy.

Morrison claims damages against the agents who sold the land to him, in case it shall be held that he can not enforce the performance of the contract against the persons for whom they acted. As this case will be remanded for trial, we do not feel called upon, in the present attitude of the case, to discuss the question of the liability of the agents.

As to Elizabeth Hazzard, H. A. Kahler and B. O. Weller, the judgments of the District Court and Court of Civil Appeals are reversed. and the cause is remanded to the District Court. As to all other defendants in error, said judgments are affirmed.

*Affirmed in part and reversed and remanded in part.*