**GOLIAD SUPPLY CO. v. G. C. HOLMES & CO. (No. 8319.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1922. Rehearing Denied March 15, 1923. Writ of Error Dismissed May 2, 1923.)

1. **Pleading** ⊚⟹34(3)—**Pleading not excepted to as indefinite and uncertain entitled to every reasonable intendment.**

A pleading not excepted to as indefinite and uncertain in a certain particular is entitled to the benefit of every reasonable intendment in determining its sufficiency as respects such matter.

2. **Venue** ⊚⟹7—**Action for breach of contract to pay for machinery sold held triable in county of seller's domicile.**

A suit for damages for breach of a contract by failure to accept and pay for machinery, for which defendant agreed to pay at plaintiff's office, held triable, under Rev. St. art. 1830, subd. 24, in the county of plaintiff's domicile, rather than in the county of defendant's residence, whether or not the cause was within exception 5; defendant's refusal to discharge any part of its obligation to pay constituting a breach of the contract in the county wherein payment was to be made.

Appeal from District Court, Harris County; W. E. Montieth, Judge.

Action by G. C. Holmes & Co. against the Goliad Supply Company. From an order overruling defendant's plea of privilege, it appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

GRAVES, J. This appeal proceeds from an order of the court below overruling the plea of privilege of the appellant, a corporation, to be sued in the county of its residence, Goliad. The plea was duly and properly presented, and appropriately invoked whatever rights in the matter appellant had under the venue statutes. To this plea the appellee filed his controverting affidavit, alleging, as we intrepret the purport and effect of the answer, the venue to have been properly laid in Harris county under sections 5 and 24 of article 1830, Revised Statutes. At the hearing on the issue thus joined it was shown that appellant, as a private corporation, by a contract in writing, agreed to purchase certain machinery from the appellee, whose office was then in Houston, Harris county, and known so to be, the contract price and place of payment being thus stipulated in paragraph 3:

"The cost of the machinery mentioned is to be six thousand four hundred ten dollars, payable only at the office of the company or to a duly accredited agent of this company with written authority to make collection."

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It being further recited that of this total sum $1,800 was to be paid by the delivery of an engine f. o. b. cars at Goliad, $3,000 in cash at that time, and the balance of $1,610 in October following. Appellant never accepted or paid for any part of the machinery thus called for, and this suit against it in the district court of Harris county by the appellee for damages followed, it being averred that appellant had refused to perform and had wholly breached the contract, and that appellee had consequently been forced to resell the machinery for the best price obtainable, to his damage in the sum of $3,000.

[1, 2] In these circumstances we are not prepared to hold that the suit was not triable in Harris county. Appellant, through its counsel, ably argues that, since the suit was one for damages for a total breach of the contract, and not for the purchase price of the goods, which alone was stipulated as being payable at appellee's office, there was no specific promise in writing by appellant to meet the only obligation declared on, that is, the payment of damages in Harris county. While we do not determine that it would, possibly that consideration might prevent the cause from coming within exception No. 5 of article 1830; but, as already indicated, we think appellee's purpose in pleading was to bring it within the purview of subdivision 24 also, and that it was maintainable in Harris county under that exception. It is quite true that the pleading in this particular is somewhat indefinite and uncertain, but it was not excepted to on that ground, hence is entitled to the benefit of every reasonable intendment.

Giving it that effect, we conclude that at least a part of the cause of action arose in Harris county within the meaning of subdivision 24. It was alleged, and not denied, as well as shown in the contract in evidence on the hearing, that appellant was a corporation; that it had in writing specifically agreed to pay for the machinery in Harris county, and had refused to discharge any part of the obligation, thereby forcing the appellee, despite his own readiness to perform, to make other disposition of the property. This constituted a breach of the contract in that county, and gave appellee a cause of action there. But for such breach he would not have had a cause of action anywhere, and the mere fact that he chose one out of several available methods of redressing the injury thus done him would make no material difference. The "cause of action" designated in this subdivision has been held by our courts to comprehend the agreement between the parties, its performance by the one and breach by the other, and to arise either in the county where it was made, where it was breached, or where the defend-

ant resides. Ry Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; 1922 Supp. Vernon's Sayles' Statutes, pp. 499, 500; Oil Co. v. Oil Co. (Tex. Civ. App.) 146 S. W. 225.

The judgment will therefore be affirmed.

Affirmed.