24, 156 S. W. 218; Branch's Penal Code, par. 1681, and authorities there collated.

The rule is stated by Mr. Branch as follows:

"If, had death resulted, the issue of manslaughter would be in the case, the court should charge on aggravated assault on the theory of sudden passion aroused by an adequate cause." Branch's Penal Code, § 1678, where a great number of authorities are collated in support of the rule. -

[3] Under the facts of this case the appellant was entitled to a charge on this additional phase of aggravated assault, and the court's failure to so charge presents a question which we think demands a reversal of the judgment of the trial court, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

---

## STRANGE v. GENERAL MOTORS ACCEPTANCE CORPORATION. (No. 10146.)

Court of Civil Appeals of Texas. Dallas.
Jan. 14, 1928.

Rehearing Denied Feb. 11, 1928.

1. Pleading ☞111—On hearing of plea of privilege, evidence held admissible to identify county of plaintiff's office, where money was payable (Rev. St. 1925, art. 1995, subd. 5).

On hearing of plea of privilege, where plaintiff relied on Rev. St. 1925, art. 1995, subd. 5, providing that suit might be brought in county where defendant contracted in writing to perform obligation, extrinsic evidence held admissible to identify county in which office was located, where money was payable under terms of contract.

2. Pleading ☞111—On plea of privilege, evidence held to identify county of plaintiff corporation's office, where money was payable (Rev. St. 1925, art. 1995, subd. 5).

On hearing of plea of privilege, where plaintiff relied on Rev. St. 1925, art. 1995, subd. 5, providing that suit might be brought in county where defendant contracted in writing to perform obligation, extraneous evidence held sufficient to identify county in which office of plaintiff was located, where, according to parties' intent, money was payable.

Appeal from Dallas County Court at Law No. 1; Payne L. Bush, Judge.

Action by the General Motors Acceptance Corporation against E. M. Strange. From an order overruling defendant's plea of privilege, defendant appeals. Affirmed.

John McGlasson, of Waco, for appellant.
Henry P. Edwards, of Dallas, for appellee.

LOONEY, J. General Motors Acceptance Corporation, appellee, sued E. M. Strange, appellant, in the Dallas county court at law No. 1, and alleged that Strange sold to one F. N. Hulsey an automobile, in consideration, among other things, of a sales contract in which Hulsey agreed to pay Strange $864 and interest in monthly installments; that Strange transferred this contract to appellee, and guaranteed its payment, and that, although past due, Hulsey had paid nothing, was insolvent, and his whereabouts unknown.

Appellant pleaded his privilege to be sued in Limestone county, the place of his residence. The plea was contested by appellee on the ground that appellant contracted in writing to perform the obligation sued on in Dallas county, and hence venue was controlled by subdivision 5, art. 1995, R. S. 1925.

From the order of court overruling appellant's plea, this appeal is prosecuted.

Appellant's main contention is that, where a party relies upon a written contract to fix venue of a suit in a county other than the county of defendant's residence, the writing must clearly show that it is performable in the county where suit is brought, and that it cannot be aided by extrinsic evidence.

The facts are undisputed, and show that the indebtedness, payment of which was guaranteed by appellant, was payable, according to the terms of the sales contract, "at the office of the General Motors Acceptance Corporation," but no clue is given in the writing indicating the county in which the office referred to was located.

The extrinsic evidence showed, however, that prior to, and at the time of, these transactions, the General Motors Acceptance Corporation maintained offices at Dallas, in Dallas county, at San Antonio, in Bexar county, Tex., and in various parts of the world, but maintained no office or agent in Limestone county, Tex. It further appeared that appellant, both before and since the execution of the contract sued upon, dealt with appellee only at and through its Dallas office, and had been in said office many times, and at all times maintained his office, residence, and domicile in Limestone county, Tex., and had no office, residence or domicile in Dallas county.

[1, 2] Subdivision 5 of article 1995 (1830) (1194) (1198), R. S. 1925, under which venue of the suit is sought to be maintained in Dallas county, reads:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

Our courts have repeatedly held that the contract referred to in subdivision 5, quoted above, need not in express and exact words require performance in a particular county, but, where such meaning may be gathered from the writings constituting the contract, the demands of the statute are satisfied. Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, 400; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Metropolitan Loan Co. v. Reeves (Tex. Civ. App.) 236 S. W. 762.

However, in none of the cases to which our attention has been directed was the court called upon to consider, as in the case at bar, extraneous evidence in order to arrive at the meaning of the contract, but we know of no reason why this should not be done as in other instances where a latent ambiguity exists. From the fact that appellee maintained no office in Limestone county, the county of appellant's residence, it is evident that he contracted to perform in a county other than that of his residence, and, while it appears that during these transactions appellee maintained offices both in Dallas and Bexar counties, Tex., and at various parts of the world, all of their dealings were through and at the Dallas office where appellant often visited. We are of the opinion, therefore, that the court properly considered the extraneous evidence that revealed the condition and relations of the parties, and that the same justified the conclusion reached on the issue presented.

This evidence neither varied, contradicted, nor added to the contract of the parties, but was in effect an identification of the place of performance contemplated by them. 22 Corpus Juris, p. 1192, § 1593; p. 1194, § 1595; p. 1196, § 1596; Morrison v. Hazzard, 99 Tex. 583, 588, 92 S. W. 33; Smith v. T. & N. O. R. Co., 101 Tex. 405, 409, 108 S. W. 819.

We have considered the several contentions of appellant, but, finding no error, the same are all overruled, and the judgment of the trial court affirmed.

Affirmed.