CITIES SERVICE OIL COMPANY v. GEORGE BROWN.

No. 5570.  Decided May 7, 1930.
(27 S. W., 2d Series, 115.)

*Phillips, Trammell, Chizum, Price & Estes* and *Charles L. Terry,* for appellant.

The trial court erred in sustaining and not overruling defendant's plea of privilege and in ordering said case transferred to the County Court at Law Number One of Dallas County, Texas, in this suit upon contracts in writing signed by the defendant promising to pay a sum certain at one and only one place, namely, at the principal office of the company, which the undisputed evidence shows was at all times located in Fort Worth, Texas.  Article 1995, R. S. 1925; Strange v. General Motors Acceptance Corporation, 2 S. W., (2d) 255; Goliad Supply Company v. G. C. Holmes Co., 251 S. W., 286; Trapshooter Development Co. v. Whetton Oil & Gas Co., 263 S. W., 622.

*E. B. & Cavin Muse* and *George C. Cochran,* for appellee.

The three hundred and twelve alleged contracts introduced in evidence by the appellant are in no wise contracts, but are merely invoices or receipts, and are only evidence of the transaction; and even though the same contain a promise to pay the amount of money therein described at the principal office of the company, said promise is not supported by any consideration moving from the appellant to the appellee, and therefore said instruments are of no legal effect. Johnson Const. Co. v. First National Bank of Brenham, 260 S. W., 1091; Ryan v. Johnson, 284 S. W., 652; Brown Cotton Oil Co. v. Schubert, 145 S. W., 1193; North Packing and Provision Co. v. Lynch, 196 Mass., 204, 81 N. E., 891; Pierce v. Northern Pacific Ry. Co., 271 Pac., 976.

No action can be maintained upon an instrument in writing for the payment of money unless the instrument shows upon its face to whom it is payable. Mays v. Chenoweth, 1 Ill., 200; Brown v. Gilman, 13 Mass., 158; Ball v. Allen, 15 Mass., 433.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second Supreme Judicial District certifies, for the determination of the Supreme Court, the question as to whether the County Court of Tarrant County erred in sustaining appellee's plea of privilege to be sued in Dallas, the county of his residence.

Appellant's cause of action was based upon an instrument in writing, wherein appellee obligated himself to pay the amount sued for at the principal office of the company, which was shown by extraneous evidence to be located at Fort Worth, in Tarrant County.

Appellee purchased certain merchandise from appellant and at the time of delivery of same signed an invoice containing the following recitation:

"Received above merchandise in good order, for which I, or we, promise to pay the above amount *at the principal office of the company.*"

This contract on its face furnished the means by which the agreed place of payment could be determined. Extraneous proof to identify the same did not tend to vary, modify or enlarge the terms of such contract, but only served to identify the particular place where the parties agreed payment should be made. Morrison v. Hazard, 99 Texas, 583, 92 S. W., 33; Smith v. Texas & N. O. Ry. Co., 101 Texas, 405, 108 S. W., 819; 22 C. J., p. 1192, Sec. 1593, p. 1194, Sec. 1595.

Even though it required parol proof to identify the particular place where payment was agreed to be made, the contract is nevertheless one in writing, within the statute conferring jurisdiction in the county where a party has contracted in writing to perform a · particular obligation. Strange v. General Motors Acceptance Corp., 2 S. W., (2d) 255; Goliad Supply Co. v. G. C. Holmes Co., 251 S. W., 286.

An analogous principle is involved in the line of cases holding that a deed, which does not definitely describe the land sought to be conveyed, is not within the statute of frauds, if within the terms of the instrument, the land can be identified by the use of extraneous evidence. It is universally held under such circumstances that such a conveyance is one in writing, hence not within the statute of frauds. Herman· v. Likens, 90 Texas, 448, 39 S. W., 282; Nye v. Moody, 70 Texas, 434, 8 S. W., 606; Vineyard v. O'Connor, 90 Texas, 59, 36 S. W., 424; Smith v. Westall, 76 Texas, 509, 13 S. W., 540; 18 C. J., p. 181, Secs. 62 and 63.

It is wholly immaterial whether appellee, at the time he signed the invoice containing the stipulation as to the ·place of payment, knew where appellant's principal office was maintained. In the absence of fraud or mistake he will be conclusively presumed to have known and understood the terms and legal effect of his contract, hence he cannot escape the binding effect thereof by asserting a lack of knowledge as to where such office was situated. The answer is he contracted to pay at appellant's principal office wherever it might be located.

We recommend the question certified be answered that the trial court erred in sustaining appellee's plea of privilege.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.