## BRYSON v. OLIVER FARM EQUIPMENT SALES CO.

### No. 11216.

Court of Civil Appeals of Texas. Dallas.

May 13, 1933.

Rehearing Denied June 10, 1933.

M. L. Cook, of Galveston, and Allen & Allen, of Hamilton, for appellant.

Burgess, Burgess, Chrestman & Brundidge and H. A. Bateman, all of Dallas, for appellee.

LOONEY, Justice.

L. A. Bryson, a resident citizen of Hamilton county, Tex., appeals from an interlocutory order of a district court of Dallas county overruling his plea of privilege to be sued in the county of his residence. The suit is by Oliver Farm Equipment Sales Company, a foreign corporation, to recover upon two promissory notes aggregating $1,033.35, with interest, attorney's fee, and to foreclose a chattel mortgage lien upon a combine sold to defendant by plaintiff through its representatives at Hamilton, Tex.

Appellee controverted appellant's plea, alleging that venue was properly laid under exception No. 5, article 1995, in that, the instruments sued upon were executed by defendant through his duly authorized agent, T. G. Bryson, and are performable in Dallas county.

In an amended plea, appellant reasserted, in usual form, the statutory plea, and, in addition, specially pleaded non est factum, and that he had not, at any time, ratified or confirmed the alleged execution of the instruments; also alleged that the notes, by express provision, were, and are, collectible in Hamilton county, Tex.

After the hearing, the court filed findings and conclusions to the effect that the notes were made payable in Dallas county, Tex.; that they were signed "L. A. Bryson, by T. G. Bryson" (son of defendant) with defendant's authority; and, further, that, after acquiring knowledge that his name had been signed by his son, defendant ratified his act and was estopped to deny that he was authorized.

Among other contentions, appellant insists that appellee, being a foreign corporation, could not maintain the suit, because of failure on its part to show that, at the inception of the contract, out of which the instruments sued upon arose, its articles of incorporation were on file with the secretary of state, and that it had a permit to transact business in the state.

We do not think the record sustains this contention, but leave the question undecided, as it properly belongs to the trial of the cause on its merits, and, for similar reason, leave undecided appellant's contention as to the invalidity of the notes because of a want or failure of consideration.

The body of the notes contain no express provision requiring performance in any particular county; the language being, "payable at the office of Oliver Farm Equipment Sales Company," followed by a blank space in the printed note form, evidently left for the insertion of the place where the office designated as the place of payment is located.

Our courts have several times held that the contract contemplated by subdivision 5 of article 1995, R. S., need not require, in exact words, performance in a named place, if the place intended for performance can be rendered certain by extraneous evidence. See Strange v. General Motors, etc., Corp. (Tex. Civ. App.) 2 S.W.(2d) 255; Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.(2d) 115. The doctrine is also well settled that, "a particular county" for performance, within the meaning of the statute, is one that is fixed and certain, made so by the terms of the contract, and not subject to be changed at the will of the obligee. See Turner v. Ephraim (Tex. Civ. App.) 28 S.W.(2d) 608; Pfeifer v. Hermann Sales Co. (Tex. Civ. App.) 43 S.W.(2d) 484, and authorities cited. So, if the evidence discloses that the language "payable at the office of Oliver Farm Equipment Sales Company" may mean any one of several offices in different counties of the state, the contract is uncertain as to the place of performance and not within exception No. 5 of the venue statute. On this point, the facts are these: Mr. J. D. McKinley, Jr., appellant's dealer at Hamilton, after testifying that the combine for which the notes were given was shipped from Dallas to Hamilton for delivery, was asked:

"Q. Are the Oliver Farm Equipment Sales Company's offices at Dallas? A. Yes sir."

On cross-examination, the witness was asked and answered as follows:

"Q. Where are the offices of the Oliver Farm Equipment Sales Company? A. Dallas.

"Q. Don't they have an office at Waco also? A. Well, there is a branch house there. There is not much stock there. * * *

"Q. Do you know of any other offices besides the one at Waco and the one at Dallas? A. Yes sir, I believe they have one, but I don't know it. This is the only place I have ever had any dealings with, the one here in Dallas."

Mr. R. A. Foster, appellee's credit man, produced in its behalf, was asked:

"Q. Where in the State of Texas, Mr. Foster, is the office of Oliver Farm Equipment Sales Company, the plaintiff in this suit? A. In Dallas, Texas."

On cross-examination, the witness was asked, and answered as follows:

"Q. What other office does the plaintiff have in Texas? A. They have but one main office.

"Q. Where are the branch offices of the plaintiff? A. They do not have branch offices; they have what is called transfer points where they carry machinery.

"Q. Do they have any office in Waco, Texas? A. They do not.

"Q. What do they have in Waco? A. they have a dealer there, Mr. Gorman, of Brattleson & Gorman. * * *

"Q. Do you say that they do not have an office in Waco where they transact business? A. No sir, all of it is transacted through Brattleson & Gorman, as I understand it.

"Q. Do they have a branch office in Amarillo? A. They have a warehouse there, yes sir.

"Q. At what other points do they have warehouses in Texas? A. They have one in Houston.

"Q. They necessarily have offices in conjunction with those warehouses, don't they Mr. Foster? A. Well, they have the necessary facilities for carrying on the business in that particular branch or warehouse or whatever we might call it."

On redirect examination, the witness was asked, and answered as follows:

"Q. But your offices in Texas are at Dallas? A. Yes sir.

"Q. These other points they have been talking about are either dealers or warehouse stocks kept for the convenience of sales and customers, is that right? A. Yes sir.

"Q. But all of their business is transacted through the Dallas office, is that correct? A. Yes sir.

"Q. You have a large building and a large office force here for that purpose, haven't you? A. Yes sir."

The above comprises all the evidence offered in aid of the language contained in the body of the notes tending to fix a particular county as the place of performance. If the place of payment had been designated in the notes as "at the main office" of the company, the evidence would be sufficient to des-

ignate, with reasonable certainty, the Dallas office, and the case would be ruled by the doctrine announced in Strange v. General Motors, etc., Corp. (Tex. Civ. App.) 2 S.W.(2d) 255, and Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.(2d) 115, supra, but the place of payment mentioned in the notes being general and indefinite, that is, simply "at the office of the company," without other designation, and the evidence showing that offices for business purposes were maintained by appellee in at least two counties of the state other than Dallas, we believe, render the venue provision of the contracts uncertain, and that it is our duty to resolve the doubt in favor of the plea of privilege. See Williams v. Doering (Tex. Civ. App.) 28 S.W.(2d) 893, 895, and authorities cited.

However that may be, we think a more compelling reason exists for our decision. The notes contain on the left end or margin the following language: "Collect at Hamilton Nat. Bank, Address, Hamilton, Texas, given for combine #4992." Although the burden was upon appellee, no proof was offered showing at what time this language was written upon the notes, and no explanation was attempted. The original notes were sent up and constitute a part of the record, showing that the marginal notations are in the same type as other portions of the note, evidently written at the time the notes were prepared, and intended to constitute a part of the contracts. The language "collect at Hamilton Nat. Bank" is another way of saying "pay at Hamilton Nat. Bank," and this was appellee's construction, as the first note of the series, due July 1, 1930, was placed with said bank for collection. The provision that the notes be collected at Hamilton National Bank obviated the necessity of filling the blank in the body of the notes, designating another place of payment, and doubtless accounts for the fact that the blanks were not filled.

The doctrine, well supported by authorities, is that, marginal notations placed on a bill or note at the time of execution with the intention of making same a part of the contract, become such, and must, in order to arrive at the true agreement between the parties, be construed with the body of the instrument. This doctrine is applicable to all memoranda placed upon the margin or back of a bill or note at the time of its execution. See annotations, 13 A. L. R. pages 251, 267. When construed in connection with the body of the instruments, the marginal language furnishes the only definite provision as to the place of payment, that is, in Hamilton county, the place of appellant's residence; so we conclude that appellee failed to discharge the burden resting upon it to show that appellant contracted in writing to perform the obligations sued upon in Dallas county, and that

the court erred in overruling the plea of privilege.

In view of these holdings, we do not deem it necessary to decide, or even discuss, the issues of non est factum or of ratification, but leave these unprejudiced, by any expression of ours, for consideration when the case is tried on its merits.

The judgment of the court below is reversed, and judgment here rendered for appellant, sustaining his plea of privilege; therefore the clerk of the court below, as directed in article 2174, R. S. 1925, will immediately, on receipt of mandate from this court, make out a correct transcript of all orders made in this cause, certifying thereto officially under the seal of court, and send same, with the original papers in the cause, to the clerk of the district court of Hamilton county, Hamilton, Tex.

Reversed and rendered for appellant.