**STANDARD ACC. INS. CO. v. KNIGHT.**

No. 6358.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 4, 1954.

Rehearing Denied Jan. 25, 1954.

228

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

MARTIN, Justice.

Appellee, Bill Knight, was employed as a ranch laborer by Beggs Cattle Company and while engaged in this type of work his horse fell with him causing severe injury to his left foot. Appellee, as plaintiff, sued appellant, Standard Accident Insurance Company, as defendant in the trial court, alleging it was liable as insurer of Beggs Cattle Company. The nature of appellee's cause of action against said company is best shown by his pleadings and a stipulation made during the trial of the cause. He sought recovery under a workmen's compensation insurance policy issued by the appellant but pleaded in the alternative "that his employer and the defendant entered into a voluntary contract and agreement for his benefit and by the terms and provisions of which said contract the defendant agreed and obligated itself to pay to the plaintiff for said injury the benefits which are provided by the Workmen's Compensation Act of Texas and it is now liable to him therefor under the terms and provisions of said voluntary agreement and contract." The parties also stipulated on trial of the case "that any recovery of the plaintiff must be based upon a common law contract". Appellee further emphasized the nature of his cause of action in his brief, "it is to be kept in mind by the court that this is not a workmen's compensation insurance suit under the Workmen's Compensation Act of Texas but that the same is a suit on a contract made by the Beggs Cattle Company with the appellant for the use and benefit of the appellee * * *".

An examination of the statement of facts reveals there was introduced in evidence a

usual form of workmen's compensation insurance policy with the standard provision therein that no insurance coverage was afforded to ranch laborers. The record is undisputed that appellee was a ranch laborer. There is no evidence in the record revealing any contract, either parol or written, between Beggs Cattle Company and the appellant as to insurance, or as to an agreement to insure, other than the workmen's compensation policy as shown in the record.

On completion of the evidence in the cause as briefly summarized above, the trial court submitted to the jury three special issues. Special Issue No. 3 is the basis of appellee's contention that judgment in his behalf was correctly entered by the trial court. Such issue and the answer thereto are as follows:

"Do you find from the preponderance of the evidence that the defendant issued the policy of insurance in question for the purpose of providing workmen's compensation insurance benefits for the ranch laborers of plaintiff's employer? Answer: Yes."

From the judgment awarding appellee compensation for his injury, appellant perfected an appeal and presents nine points of error. The first six points of error are briefed together. The first two points raise the issue that there was no proof of a common law contract agreement and that the workmen's compensation policy issued expressly excludes insurance coverage as to ranch laborers. The third point of error is that the court erred in submitting Special Issue No. 3 as above quoted as this was an attempt to vary the express terms of the written contract. The fourth point of error asserts the trial court erred in refusing appellant's motion for judgment non obstante veredicto because Special Issue No. 3 was not raised by the pleadings or evidence. The fifth point of error is that the court erred in submitting Special Issue No. 3 because there was no pleading to raise the issue of reformation and no pleading or proof seeking reformation of the policy of insurance for fraud, accident, or mistake. The sixth point of error is that the policy

did not obligate appellant to pay to appellee any benefits under the Workmen's Compensation Act of Texas under the clear and unambiguous provisions of the policy. A ruling on these points will effect a disposition of the appeal and will render unnecessary a discussion of the other points of error.

■ In view of the fact that appellee's pleading and stipulation seek a recovery solely on a common law contract, the record has been examined with regard to the pertinency of the workmen's compensation insurance policy as introduced in evidence. It is evident that appellee cannot recover under the terms of this written contract of workmen's compensation insurance which specifically excludes him from coverage. Texas Employers Ins. Ass'n v. Brown, Tex. Civ.App., 226 S.W.2d 233, error refused. Therefore, appellee's recovery is limited to his pleading in the alternative, to his stipulation as to his right of recovery and to the testimony thereunder as revealed by the record. Upon such issue, it is noted that since appellee's pleading sought recovery on a contract to insure, or of insurance, appellant correctly leveled an exception to such pleading asserting that it did not show whether the contract as plead was written or parol, or any of its terms and provisions. But, appellee's cause of action, as determined by the record, must lie within the legal principle that appellee's employer and the appellant entered into a parol contract of insurance or agreement to insure. Under the authorities here cited, an oral contract of insurance may exist but it is elementary that any pleading of such contract, to afford a recovery, would require proof of the same and " * * * the proof must be clear and convincing". 44 C.J.S., Insurance, § 250, Page 1021, Note 78. Pacific Fire Ins. Co. v. Donald, 148 Tex. 227, 224 S.W.2d 204; Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co., Tex. Com.App., 42 S.W.2d 248; Great American Casualty Co. v. Eichelberger, Tex.Civ.App., 37 S.W.2d 1050, writ refused.

■ As briefly pointed out hereinabove, the record is absolutely devoid of any proof of any contract of insurance, or of a con-

tract to insure, as made between appellee's employer and the appellant other than the workmen's compensation insurance policy introduced in evidence which excludes coverage of the appellee as a ranch laborer. Appellant's points 1 to 6 are sustained.

The jury finding that the policy of insurance was issued for the purpose of providing workmen's compensation insurance benefits for the ranch laborers constitutes no more than a jury finding that the parties intended to enter into a contract different from that actually executed. A judgment based on such a finding would effect an extension of the coverage of a standard workmen's compensation policy as provided for under the statutes by a mere jury finding that the parties intended to effect a different type of insurance coverage than that shown in the specific written contract. But, even on such an issue, there is no evidence in the record of an agreement, or of an intent or purpose on the part of the appellant, to issue any different type of policy than that disclosed by the record. On this phase of the case, appellant has cited, along with other cases differing in principle from the issue here, Anderson Furniture Co. v. Roden, Tex.Civ.App., 255 S.W.2d 345. This case is cited as establishing the legal principle that the express terms of a written contract can be varied by proof that the parties intended to execute a different type of contract. The pertinency of such citation is duly recognized and the further fact than an application for writ of error was refused by the Supreme Court with the notation, "no reversible error". One of the meanings ascribed to the term "no reversible error" is that the Supreme Court, by such notation, recognized that the Court of Civil Appeals had reached a correct result in the cause but the Supreme Court did not necessarily approve the principle of law upon which the decision was based. Johnson v. Zurich General Acc. & Liability Ins. Co., Limited, 146 Tex. 232, 205 S.W.2d 353, Syl. 2. It is not here conceded that the Supreme Court, by the notation "no reversible error", approved a principle of law which would

permit parties to vary the legal effect of a written contract merely by introduction or proof that the parties intended a different effect from that which the language of the contract imports. The principle involved under the finding of the jury that the defendant issued the policy of insurance for the purpose of providing workmen's compensation insurance for the ranch laborers is merely a slightly varied approach to the same incorrect principle of law as denounced by the Supreme Court in Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, Syls. 2–4, and here also expressly disapproved under the principles detailed in the dissenting opinion in Anderson Furniture Co. v. Roden, supra.

The judgment of the trial court is reversed and judgment is rendered for appellant.