E. Nuel CATES, Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 16111.

Court of Civil Appeals of Texas.

Dallas.

March 1, 1963.

Marvin G. Shwiff and Vernon Kelly, Dallas, for appellant.

W. B. Handley and Earl Luna, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment in favor of appellee Continental Casualty Company, defendant in the trial court. The judgment will be affirmed.

In December 1960 appellee issued its hospitalization, medical and surgical policy to appellant. In May 1961 appellant had an operation for hernia and incurred expenses amounting to $624.25. Appellee declined to pay appellant's claim. Instead appellee sent appellant a draft dated May 9, 1961 for $51.60, the amount of premiums appellant had paid. On the back of the draft was the following paragraph:

"Received of Continental Casualty Company the sum of $51.60 in full refund of all premiums paid under Policy No. 2111920, issued by said company, which is hereby surrendered as null and void from date of issue."

Beneath the paragraph was a line for signature.

Appellant kept the draft until July 24, 1961, when he cashed it after he signed his name on the line for signature. He had already complied with the terms of the endorsement by surrendering the policy to the Company.

On August 3, 1961 appellant sued appellee for $624.25, the amount of his expenses. In his petition he admits that he received and cashed appellee's draft for $51.60 representing a return of the premiums paid, but alleges that he did so under the impression that it was a partial payment of his claim. He also pleads a tender to appellee of the amount of the draft.

Appellee answered, alleging that the signed paragraph on the back of the draft constitutes an agreement and release; that by signing said agreement and release, cashing the draft and returning the policy appellant had entered into an accord and satisfaction; and as a result appellee was not liable under the terms of the policy, which had been cancelled and declared null and void by agreement of the parties.

Appellee also pleads in the alternative that the condition for which appellant was hospitalized and treated existed prior to the date of the policy.

In an affidavit filed in answer to appellee's motion for summary judgment, appellant alleges that he "believed said check to be either a partial payment of claim or dividend * * *".

In two points on appeal appellant contends that the court erred in (1) holding as a matter of law that an accord and satisfaction was reached between the parties; and (2) in rendering summary judgment, since there was a genuine issue of fact raised by the pleadings and affidavit of appellant.

In support of his contention appellant says that his claim under the policy is liquidated and undisputed, therefore his acceptance of a payment less than the full amount is not binding on him for the reason that it lacks consideration. 1 Tex.Jur.2d 218.

■ Appellant's position is untenable. From the plain language of the paragraph on the back of the draft we must hold that the $51.60 was not tendered by appellee as part payment of appellant's claim under the terms of the policy. It was tendered and offered as a return of all premiums paid by appellant in repudiation and cancellation of the whole policy. This offer to cancel or rescind was accepted and became a contract when appellant signed the endorsement, cashed the draft, retained the proceeds and returned the policy to appellee.

■ Parties who are competent to enter into an initial contract may enter into a subsequent agreement to rescind the initial contract and under the circumstances presented here the agreement to rescind is supported by a consideration and is binding. Slaughter v. Temple Lumber Company, Tex.Civ. App., 307 S.W.2d 108, 114–116; Campbell v. Hart, Tex.Civ.App., 256 S.W.2d 255, 260–261; Oilbelt Motor Co. v. Hinton, Tex.Civ. App., 11 S.W.2d 338; Nations v. Williams, Tex.Civ.App., 203 S.W. 1176; McKinney v. E. F. Rowson, Tex.Civ.App., 146 S.W. 643; Mayes v. Miller, Tex.Civ.App., 118 S.W. 725; 13 Tex.Jur.2d 601; 17 C.J.S. Contracts § 387, p. 879; 2 Black, Rescission & Cancellation, 1231.

■ It is not alleged by appellant that fraud, accident, duress, or mutual mistake were in any way involved in obtaining his endorsement under the quoted paragraph, or in causing him to cash the draft, or in inducing him to return the policy to appellee. The paragraph in question is plain and unambiguous. In the face of these undisputed facts no fact issue is raised by appellant's affidavit that he "believed said check to be either a partial payment of claim or dividend." The language of the instrument must be held to speak the intention of the parties. Prichard v. McKenna, Tex., 350 S.W.2d 333; Standard Accident Ins. Co. v. Knight, Tex.Civ.App., 267 S.W.2d 227, 230; Jones v. Winter, Tex.Civ.App., 215 S.W.2d 654, (Syl. 5); Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226, 227; Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115; Moore v. Studebaker Bros. Mfg. Co., Tex. Civ.App., 136 S.W. 570, 573–574; 13 Tex. Jur.2d 290–292.

Moreover appellant in his deposition indicated that he understood that his paid premiums were being returned to him and the policy cancelled. We quote his testimony:

"Q  Tell me what you remember about the circumstances of this draft?

"A  Other than the agent walked in and handed it to me and said, 'This is your payments'; and that the policy had been cancelled and that the company was returning certain monies to me—

"Q  Premiums?

"A  (Cont'd)—Premiums;  and then that was it."

The summary judgment was proper. Appellant's two points on appeal are overruled. The judgment of the trial court is affirmed.