## COFFIELD v. RICHTER.
### No. 9864.

Court of Civil Appeals of Texas. Austin.
March 22, 1950.

Camp & Camp, by E. A. Camp, of Rockdale, for appellant.

M. F. Kieke, of Giddings, John C. Marburger, of La Grange, for appellee.

GRAY, Justice.

Appellee, a resident of Fayette County, Texas, instituted this suit in the district court of Fayette County against appellant, a resident of Milam County, Texas, to recover damages for the breach of the following written agreement:

"Giddings, Texas, Sept. 3, 1948.
"This is to acknowledge sale of 5000 barrel more or less of oil and B. S. from oil storage tank located on Magnolia lease pump station at Schulenburg, Texas. $100.-00 forfeit is being paid by the party on failure either to comply.
"This oil is to be removed within 15 day unless cars are unable to be obtained.
    Signed "R. R. Richter
              "Richter Lumber & Junk Co.
              "H. E. Coffield
              "By N. E. Alford."

Appellant filed his plea of privilege which was duly controverted and, upon a non-jury trial, was overruled.

Appellant denied making the contract sued on but said it was the contract of N. E. Alford. Appellee testified that he had a conversation with appellant over the telephone in which he told appellant that he had some oil for sale and that appellant said he would send a man to represent him; that N. E. Alford came to Giddings on September 2, 1948, and went to see the oil for the purpose of testing its gravity, and that on the next day (September 3) the written agreement was made. On September 4, 1948, a draft was drawn by appellee for $1,500, which was directed to: "H. H. Coffield, Rockdale State Bank, Rockdale, Texas." This draft was paid.

A portion of the oil was moved within a few days after the agreement was made, and appellee said thereafter he went to see appellant at Rockdale for the purpose of getting him to speed up its removal, and appellant then said he had several tank trucks that he could put on and get "the stuff" right out. Appellee said that after this conversation, by telegram and by letter, he urged appellant to speed up the removal of the oil. Appellant denied that he was a party to the contract, and said that he answered by letters, both the telegram and letter of appellee so advising him and directing appellee to take the matter up with Alford. Appellee said he did not receive these letters. Appellant also denied that he himself paid the draft, and said he had never seen it, but said he advanced $1,500 to Alford.

Appellee alleged that he was damaged because of the failure to remove the oil for the reason that he was thereby prevented from consummating a profitable sale of the metal tank in which it was stored.

The pleadings allege, and the proof shows, that the oil was located in Fayette County.

Among other findings, the trial court found: that appellant authorized Alford to make the agreement for him, and that he (appellant) ratified, adopted and confirmed the same; that the oil was located in Fayette County; that appellant did not remove the same, and that by reason of such failure appellee has suffered damages;

and concluded that the agreement constituted a contract in writing to perform an obligation in Fayette County.

 The written agreement described the oil as being stored in a storage tank located on the Magnolia lease pump station at Schulenburg, Texas, and provided for its removal within fifteen days. The contract named a definite place in Fayette County, and we, therefore, think the contract itself provided for the place of its performance. The oil was in the tank and appellant contracted to remove it therefrom. From the face of the contract the place of its performance could be determined. Cities Service Oil Co. v. Brown, Com.App., 119 Tex. 242, 27 S.W.2d 115. We think that no conclusion but that it was to be performed in Fayette County can be reached. Cecil v. Fox, Tex.Civ.App., 208 S.W. 954; Valdespino v. Dorrance & Co., Tex.Civ.App., 207 S.W. 649.

Appellant's points 1, 3 and 4 complain that the trial court erred in overruling his plea of privilege for the reasons: the parties affirmatively stipulated $100 to be the amount recoverable for a breach of the contract which amount is not within the jurisdiction of the trial court; appellee's right of recovery is limited to $100, and a plea of privilege raises every defense that can be raised by answer.

 The trial court found that the contract sued on was not only executed by appellant, but that it was adopted, ratified and confirmed by him. The agreement was in writing and was to be performed in Fayette County. For these reasons the facts necessary to retain venue in Fayette County under exception 5 of Article 1995 were shown by the evidence and found by the trial court. Petroleum Producers Co. v. Steffens, Com.App., 139 Tex. 257, 162 S.W. 2d 698; Wood Motor Co. v. Hawkins, Tex. Civ.App., 226 S.W.2d 487; Rudman v. Hawkins, Tex.Civ.App., 226 S.W.2d 491. We think the trial court's findings are supported by the evidence.

 In National Life Co. v. Rice, Com. App., 140 Tex. 315, 167 S.W.2d 1021, 1024, the court said: "Venue signifies the county in which a plaintiff has the legal right to institute and maintain his suit, notwithstanding the defendant's objections." And that the jurisdiction of the court over the subject matter of the suit is not involved.

 By his point 2 appellant says the trial court erred in overruling his plea of privilege because all parties to the contract were not before the court since Richter Lumber and Junk Company was not a party. The question of the absence of necessary parties is not involved on the issue of venue. Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 210 S.W.2d 852.

What we have already said disposes of appellant's point 5, and we hold that appellee proved a contract in writing whereby appellant agreed to perform an obligation in Fayette County, that proof of these facts is all that is required in order to retain venue of this cause in Fayette County, and that appellant's plea of privilege was properly overruled.

The judgment of the trial court is affirmed.

Affirmed.