## RORSCHACH v. POLO OIL CO.
### No. 6179.

Court of Civil Appeals of Texas. Amarillo.

Oct. 22, 1951.

Rehearing Denied Nov. 19, 1951.

Fischer, Wood, Burney & Glass, Corpus Christi, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (C. A. Stein, Amarillo, of counsel), for appellee.

PITTS, Chief Justice.

This is a venue action growing out of a suit originally filed by appellee, Polo Oil Company, against J. Wood Glass and Harold Rorschach, trustees of Henderson Trust Number Two, for damages in the sum of $155,000 by reason of the alleged breach of a contract performable in Hutchinson County, Texas. Harold Rorschach, trustee, appellant herein filed a plea of privilege to be sued in Bexar County, Texas, where the principal office and place of business of the said trustee is located. He further pleaded that the correct name of the trust is Frank C. Henderson Trust Number Two and alleged that his own personal residence was Tulsa County, Oklahoma. Appellee seasonably filed and presented its controverting plea seeking to maintain venue in Hutchinson County, Texas, under the provisions of Exception 5 of Article 1995, Vernon's Annotated Civil Statutes.

The controlling issue to be here determined is whether or not that particular part of an obligation here involved, under the terms of a written contract, was performable in Hutchinson County. The contract is too lengthy to be copied here in full. An examination of it reveals that it is designated as a "Casing-head Gas Contract", executed on June 25, 1929, wherein John J. Gordon and W. Latney Barnes, called seller, agreed to sell at a fixed price and deliver to F. C. Henderson, called buyer, all of the casing-head gas produced from all of the oil wells located on described lands situated in Hutchinson County, Texas, the said wells being located on oil and gas leasehold rights owned by seller and described as being situated in the said County. A reasonable construction of all the terms of the said contract reveals that the seller agreed to sell and deliver and the buyer agreed to purchase, accept and pay for the casing-head gas delivered at the wells located on the leases of the said land situated in Hutchinson County. The buyer also agreed to accept and pay for a minimum of 10,000,000 cubic feet per day of any gas that showed a gasoline content of three-tenths of a gallon to the 1,000 cubic feet determined by charcoal or physical tests or to take the full production therefrom if it be less than the amount just previously specified. By the terms of the said contract the buyer also agreed to either return to the seller or to account to the seller at a fixed price for certain dry or residue gas remaining after the extraction of gasoline from the casing-head gas.

After the execution of the contract in question and prior to January 1, 1940, appellee became the owner by assignment of

all interests the original seller had in the contract, became bound thereby as the original seller was bound and was entitled to all of the benefits accruing thereunder to the original seller, while appellant and his associates became the owners by assignment of all interests of the original buyer and became bound to perform the obligations imposed upon the original buyer under the terms of the said contract.

Appellee's original suit is based upon the alleged grounds that the buyer, the appellant herein, and his associates, did not take all the gas they had contracted to take and pay for under the terms of the contract and that the buyer, appellant herein and his associates, had also failed to account to appellee for all of the dry or residue gas they had agreed to account for under the terms of the contract. For these alleged reasons appellant and his associates, having assumed the obligations of the original buyer, had breached the terms of the said contract to appellee's damages as the seller.

Appellant cites and relies principally on the rules of law announced in the case of Taylor v. Burleson, Tex.Civ.App., 30 S.W. 2d 351, for determining the venue issues here presented. That suit involved the alleged failure of defendants to pay for all the timber taken from land owned by plaintiffs as provided for under the terms of a contract between the parties. There the plaintiffs pleaded that defendants had not paid for all the timber they had taken from plaintiffs' land and they prayed for a full accounting and statement of all timbers, limbs and stumps cut by defendants from the land and for judgment against defendants for debts and damages due and owing by defendants to plaintiffs. Plaintiffs' prayer implies that the suit was principally for an accounting and for the payment of a debt as well as for damages incidentally. The court there held that the cutting and removing of the timber from plaintiffs' land located in Brazoria County, where the suit was filed, was simply descriptive of the manner of taking possession of the timber and consummating the contract for the sale of the timber. It further held that the contract did not by its terms require the payments for the timber to be made in Brazoria County. That appears to be a suit principally for an accounting and payment for goods or material received but not paid for, while the original suit here, out of which the venue action grew, is a suit for damages by reason of defendants' failure and refusal to take or accept the quantity of gas they had agreed to take or accept, at a stipulated price, which gas was to be delivered in Hutchinson County under the terms of the contract between the parties. It therefore appears to us that the principal part of the contract alleged to be breached by the defendants in the original action here was performable in Hutchinson County. It is our opinion that the principal material issue in this action is distinguishable from the material issue in the Taylor-Burleson case as well as the material issues in the other cases cited by appellant in which suits were filed for the recovery of payments for goods received but not paid for when no designation of place for payments had been made.

█ It is our opinion further that the venue issues here presented are governed principally by the rules of law announced in the recent case of Coffield v. Richter, Tex. Civ.App., 229 S.W.2d 97, cited by appellee. That was a venue action growing out of a suit for the recovery of damages by reason of the breach of a contract wherein plaintiff alleged that defendants failed to remove, within a definite time specified under the terms of the contract, certain oil from a pump station located at a definite place situated in Fayette County. The court there held that the principal portion of the contract breached was performable in Fayette County, for which reason the said County had venue of the original suit under the provisions of Exception 5 of Article 1995. It is our opinion that, by the same process of reasoning, Hutchinson County has venue of the original suit here involved and we think our position in the matter is further supported by the following authorities: Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698; Cecil v. Fox, Tex.Civ.App., 208 S.W. 954, and other authorities cited by these cases.

Appellant also charges that appellee's pleadings in its controverting affidavit are

fatally defective but according to the record such pleadings are challenged for the first time on appeal in this court. The record does not disclose objections made by appellant in the trial court either to appellee's pleadings or to the introduction of evidence by appellee in support of its pleadings set out in its controverting affidavit.

It has been many times held that such a charge as here made by appellant will not be heard on appeal unless the complaining party has first presented his complaint by means of special exception or otherwise to the trial court. Strickland Transp. Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675; Anders v. Newsom, Tex.Civ. App., 217 S.W.2d 422; Hill v. Hill, Tex.Civ. App., 205 S.W.2d 82; Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598. For the reasons stated appellant should not now be heard to complain about the insufficiency of appellee's said pleadings, assuming that such may have been insufficient.

For the reasons stated appellant's points of error are overruled and the judgment of the trial court is affirmed.