HAROLD E. RORSCHACH V. HONORABLE E. L. PITTS, CHIEF JUSTICE, ET AL.

Nos. A-3440 and A-3441. Decided April 9, 1952.
Rehearing overruled May 7, 1952.
(248 S. W., 2d Series, 120.)

*Fischer, Wood & Burney,* and *Allen Wood, all of Corpus* Christi, for relator.

*Underwood, Wilson, Sutton, Heare & Boyce* and *C. A. Stein,* all of Corpus Christi, for respondents.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

These two companion proceedings of original mandamus to require certification of law questions by the Amarillo Court of Civil Appeals arise from the holdings of that court and the district court in corresponding suits in Hutchinson County, maintaining venue in the latter as against the plea of the relator-defendant, Rorschach, to be sued in Bexar County, where he resides. See Rorschach v. Polo Oil Co., 245 S.W. 2d 1019. Both suits were for money damages due primarily to failure of the relator-defendant to take and pay for casinghead gas as required of him by written contract of purchase and sale with the respective respondent-plaintiffs. Both involve substantially the same facts, including the same form of contract, and, in this

court, the same issues of (a) whether the decision of the Court of Civil Appeals that the obligations in suit were performable in Hutchinson County under subsection 5 of Art. 1995, Vernon's Tex. Civ. Stats. Ann., conflicts with decisions of other Courts of Civil Appeals, and (b) assuming conflict, what are the "merits" of the questions sought to be certified, that is, were the decisions below correct or erroneous. Rule 475, Tex. Rules of Civ. Proc. These issues are reflected in the two questions sought to be certified, which are copied in the footnote.[1]

The contracts (which are merely described in the record but without controversy) may be sufficiently summarized for our purposes as follows: They recited the wells in question to lie in Hutchinson County, and admittedly the express language obligated the relator-defendant, who operated a gas processing plant, to take delivery of the gas in that county. However, while the matter of payment by the relator-defendant was otherwise fully provided for, no place of payment was stated unless by implication from the other provisions abovementioned. It was also agreed that the dry gas remaining in the hands of relator-defendant after the processing, or a certain portion thereof, would be returned by him to the respective leases of the respondent-plaintiffs in the county or accounted and paid for. The basic allegations of the suits (which we also must take from uncontroverted descriptions in the record) were that the relator-defendant had failed to receive, and accordingly failed also to pay for, the full amount of gas he was bound to accept and pay for under the contract and had also failed to account for certain of the residue gas which he was obligated to return or pay for. As stated, the relief sought was money damages.

1 Evidently the only decision seriously urged as establishing a conflict is Taylor v. Burleson, 30 S.W. 2d 351, from the Galveston Court. Moreover, from the oral argument, the respondent-plaintiffs appear to rest their entire case upon absence of conflict and to base the latter point in turn exclusively upon the fact that Taylor v. Burleson was decided before the 1935 amendment to subsection or exception 5 of Art. 1995.

---

(1) QUESTION NO. I

When a written contract for the sale and purchase of a commodity situated in a named county provides that the commodity is to be delivered to the buyer and received by the buyer in such named county, but no place of payment is named in the contract, in a suit against a buyer for breach of such contract alleging his failure to take and pay for the commodity, is the fact that the buyer is to receive the commodity in the named county an obligation in writing performable

218

We have concluded that a conflict exists notwithstanding the amendment. The respective texts before and after the amendment are as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein, by such writing,* suit *upon or by reason of such obligation* may be brought *against him* either in such county or where the defendant has his domicile." (We indicate by the italics the changes or insertions of additional language made by the amendment).

The new phrase "upon or by reason of such obligation" is what the respondent-plaintiffs say made the decisions in the instant case a ruling different from that of Taylor v. Burleson. We think the respondent-plaintiffs are correct in restricting their contention to this narrow point because, with all deference to the view taken below, a careful examination of the opinion in Taylor v. Burleson convinces us that the facts and character of that suit were essentially the same as those of the instant suits. Taylor v. Burleson did, indeed, contain a count for the price of timber taken and not paid for, but the greater part of the damages claimed was, as in the instant cases, for failure of the defendants to take and pay for what they were obligated to take under the contract. The essence of the argument of no conflict is that, considering the phrase "upon or by reason of" in the

---

in the named county within the meaning of Article 1995, Subdivision 5, R. C. S. *of* Texas, 1925?

QUESTION NO. II

Where predecessors of plaintiff and defendant entered into a written contract for the sale and purchase of casinghead gas to be delivered by seller on leases in Hutchinson County, Texas, and received by the buyer on such leases, but no place of payment is specified in the contract, and plaintiff filed suit on said contract alleging that the defendant has breached said written contract in that he has failed to take and receive the minimum required of him by such contract to plaintiff's damage in the amount of the contract price of the difference between what was actually taken and paid for and what was contracted to be taken and paid for, is the fact that defendant was to take the gas from leases in Hutchinson County an obligation to perform in Hutchinson County within the purview of Article 1995, Subdivision 5, R. C. S. of Texas, 1925, or is the controlling obligation as far as venue is concerned the obligation to pay?

amendment, the instant suits must be considered, not as claims "upon" a general obligation to *pay* (as in Taylor v. Burleson), but as claims "by reason of" an obligation to *take delivery* expressly in Hutchinson County. In dealing with this question we should consider not merely the results of the decisions involved but also the route by which these results were reached. If the court below had based its holding upon the difference between the original and amended statute, the matter of conflict would be more doubtful, even though such a theory were in our own judgment unfounded. But such evidently was not the theory below. The opinion does not even mention the amendment, as such, but only seeks to distinguish Taylor v. Burleson on the ground that the latter was "principally" a suit for an accounting for timber theretofore accepted by the defendant buyer and not paid for, which, as stated, we cannot agree to be the true description of the action. As we read the opinion below, the court would have sustained venue of the instant suits in Hutchinson County, even if the statute had not been changed, and accordingly the "by reason of" phrase in the amended statute was not in the court's mind. If it had been, the thoughtful court would have made such a view quite plain, and this it did not do.

**2** Was the decision below correct? While it is certainly far from unreasonable, we are constrained to differ with it. Passing over for the moment the matter of the new language in the amendment, let us suppose that the contracts had contained also an express provision for payment in X County. Few would then doubt that the suits would lie in X County. And if that is so, the suits could doubtless not be maintained both in X County and Hutchinson County (in addition to the county where the respondent-defendant resides), because the statute would hardly be taken as intending that in the absence of some peculiar provision in the contract, the single obligation in suit would be performable in two distinct counties for venue purposes. From this it would apparently follow that the essential obligation in suit for venue purposes is that of payment, and since no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved. The character of the suit, which does not seek consequential damages from the failure to take the gas, is different from that in cases like Coffield v. Richter, Tex. Civ. App., 229 S.W. 2d 97, in which latter the defendant had actually paid for the oil in the storage tank, but by his failure to take delivery of it, had kept the plaintiff from selling the tank itself to another party.

**3** The 1935 amendment abovementioned does not in our opinion justify the conclusion which the court below reached without reference to such amendment. Whatever theoretically might be a suit, which is not one "upon" a particular obligation but is yet a suit "by reason of" that obligation, it has already been judicially determined from the caption and history of the amendment that its purpose was merely to restrict the scope of the venue exception in question to cases in which the county of performance of the obligation in suit or a specific place therein should be expressly named in the contract. Quinn v. Home Owners' Loan Corp., Texas Civ. App., er. dism., 125 S.W. 2d 1063, (cited in Gulf Ins. Co. v. James, 143 Texas 424, 432, 195 S.W. 2d 966, 970); Saigh v. Monteith, 147 Texas 341, 215 S.W. 2d 610; Burtis v. Butler Bros., 148 Texas 543, 226 S.W. 2d 825. The "or by reason of" phrase does not therefore make any alteration in the law as it existed before the amendment.

**4** But for Rule 475, Texas Rules of Civ. Proc., the writ of mandamus would accordingly issue for certification of the two questions involved, and upon certification, we would answer both conformably to the conclusions stated above. Pursuant to the rule, the writ will issue only in the event the Court of Civil Appeals should not duly proceed hereafter in accordance with this opinion.

Opinion delivered April 9, 1952.

Rehearing overruled May 7, 1952.