Isidoro ORTIZ, Appellant,

v.

George S. ANDERSON, Appellee.

No. 13334.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

Kelley, Looney, McLean & Littleton, John S. Snedeker, Edinburg, Texas, for appellant.

Simon & Ratliff, Wm. D. Ratliff, Jr., Fort Worth, for appellee.

POPE, Justice.

This is a venue case and concerns Section 5, Article 1995, Vernon's Ann.Civ. Stats. Plaintiff, Isidoro Ortiz, sued George S. Anderson for damages. He asserts that Anderson agreed in writing to pay the expenses for the defense of title to realty in Hidalgo County. Anderson filed a plea to be sued in Tarrant County where he resides, and Ortiz controverted the plea of privilege. The trial court sustained Anderson's plea.

Plaintiff's petition and exhibits to the petition show that he executed an oil and gas lease to defendant in 1948, and that, by a letter, Anderson made the further agreement:

"I agree to defend this title to said land as long as said lease is in force, and to pay all expenses of said defense."

Plaintiff alleges that the title to the land was brought into suit in 1949, and that thereafter he, at his own expense, was forced to pay the sum of $2,579 in order to defend the title successfully. The present suit against defendant is for the recovery of that sum of money. The trial court's order on the plea of privilege recites that the plea and the controverting affidavit were heard, together with argument of counsel, and that the plea should be sustained. We have no statement of facts in the case. Plaintiff's brief states that he was denied the right to present evidence, but nothing in the record shows what happened at the trial other than what the court recited in the order. Nothing indicates what evidence would have been offered, nor that any error for refusing the right to offer evidence was preserved for appeal.

The suit was brought upon a written contract which is pleaded and was before

the court. Under Section 5, Article 1995, if venue lies in Hidalgo County plaintiff, Ortiz, must demonstrate a contract in writing which expressly names Hidalgo County as the place for the performance of the obligation sued upon. This was not a suit to compel defendant to comply with his agreement to defend title to the land; it was a suit to compel him to pay the expenses for a defense that was already accomplished. The argument that the land is located in Hidalgo County and that the defense occurred in Hidalgo County is immaterial to a suit upon an obligation to pay expenses of the previous litigation. The contract is wholly silent about the place where defendant is to perform that obligation. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Seale v. Langston, Tex. Civ.App., 259 S.W.2d 639; 1 McDonald, § 4.11.

The judgment is affirmed.