CAPITAL GAS PIPE LINE COMPANY
et al., Appellants,

v.

C. L. SNEED, Appellee.

No. 16134.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1960.

Rehearing Denied Nov. 4, 1960.

Harrell & Thompson, and J. G. Harrell, Breckenridge, for appellants.

Mayfield & Atkins, and Vernon C. Mayfield, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff Sneed brought suit in Tarrant County against Capital Gas Pipe Line Co. and Mid-Tex Gas Co., corporations, and alleged they had their principal office or place of business in Dallas County.

The claim, according to the petition, "arises out of business dealings between the parties and is also an account covering personal services rendered and labor done at the special instance and request of defendants and in consideration thereof defendants promised and agreed to pay plaintiff in Fort Worth, Tarrant County, Texas the sums charged therefor."

Both defendants filed pleas of privilege, in which they asserted they were domiciled in Breckenridge, Stephens County, Texas, where they maintained their principal office of business.

Plaintiff's controverting affidavit merely incorporated his original petition and denied that defendants were domiciled and maintained their principal office of business in Stephens County.

The only evidence offered by plaintiff at the hearing on the pleas of privilege were certified copies of the charters of the corporations, showing the registered offices were in Dallas, and amendments showing

the registered offices of both defendants had been changed to Tyler, Texas. The defendants offered testimony that the only office maintained by the defendants was located in Breckenridge, Stephens County, Texas.

The court's judgment recited: "venue does not lie in Stephens County" and "venue of this cause in Tarrant County is hereby sustained."

While the plaintiff's controverting affidavit did not specify any particular exception to Art. 1995 upon which he relied, it is obvious from the petition that he could rely only upon subsections 5 and 23.

Plaintiff offered no evidence whatever that defendants agreed in writing to perform any obligation in Tarrant County, hence venue could not be sustained in Tarrant County under subsection 5.

The plaintiff did not offer any evidence to show that he was entitled to maintain venue in Tarrant County by reason of any of the provisions of subsection 23. The only evidence he offered was tendered in an effort to show that the defendants were domiciled in Smith County rather than in Stephens County as they alleged in their pleas of privilege.

No evidence was offered to show or tend to show that venue lay in Tarrant County by reason of any exception to the venue statute.

 When a defendant has filed a plea of privilege in statutory form the plaintiff, if he desires to controvert the plea of privilege, must both plead specifically and prove the facts relied upon to bring the case within one of the exceptions. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Victoria Bank & Trust Co. v. Monteith, Tex.Com.App., 138 Tex. 216, 158 S.W.2d 63.

The plaintiff argues that the charter amendments showing the registered offices of defendants to be in Smith County sufficiently supported the trial court's order overruling the pleas of privilege. We cannot agree.

Perhaps plaintiff could have filed suit and maintained venue in Smith County; he chose, however, to file it in Tarrant County, and since he failed to show venue in Tarrant County under any exception to the venue statute, the pleas of privilege should have been sustained and the case transferred to Stephens County. To hold otherwise would deprive defendants of the valuable rights Article 1995 gives them. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Phillips v. White, Tex.Civ.App., 272 S.W.2d 743; Fouse v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 193 S.W.2d 241.

The order of the trial court is reversed and the case ordered transferred to the District Court of Stephens County.

Reversed and rendered.