James M. WRENN, Jr., Appellant,

v.

Maurice WOOLEY, d/b/a Wooley Oil Company, Appellee.

No. 7347.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 15, 1961.

T. D. Wells, Paris, for appellant.

Pat Beadle, Clarksville, for appellee.

DAVIS, Justice.

This is a venue case. Plaintiff Wooley sold to defendant Wrenn a used truck for the total consideration of $425 in Red River County, Texas. Defendant took the truck in Clarksville, and carried it to Paris. He then stopped payment on the check. Plaintiff sued the defendant in Red River County on the debt. Plaintiff alleged in his petition that the defendant resided in Lamar County, Texas.

Defendant filed a plea of privilege and alleged that he lived in Lamar County, Texas. The plea was controverted, and in the controverting plea plaintiff alleged that the debt was based upon an instrument of writing that was performable in Red River County, and that the court of Red River County had venue because of Exception 5 of Art. 1995, Vernon's Ann.Texas Civ.St.

The defendant testified that he lived in Corsicana, Navarro County, but he lived in Paris, Lamar County, for about six months of each year. Plaintiff offered the check that the defendant gave for the truck in evidence. It was on the First National Bank of Deport, Texas. The actual county that Deport is in was not proved. The suit was upon a debt for the price of the used truck, and though the First National Bank of Deport is situated in Lamar County, doesn't have anything to do with venue.

The plaintiff did not prove his contract in writing must be performed in Red River County, to come within the provisions of Sec. 5, Art. 1995, V.A.T.C.S. Hess v. Young, Tex.Civ.App., 160 S.W.2d 574, n. w. h.; Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424, n. w. h.; Wood Motor Company, Inc., v. Hawkins, Tex.Civ.App., 226 S.W.2d 487, n. w. h.; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120; Traweek v. Ake, Tex.Civ.App., 280 S.W.2d 297, n. w. h.; 1 MacDonalds Texas Civil Practice 345, Sec. 4.11, note 4.

A defendant can have more than one county of residence for the purpose of venue in actions under Art. 1995, V.A.T.C.S., as pointed out in the following cases: Snyder et al. v. Pitts, 150 Tex. 407, 241 S.W. 2d 136; Capitol Gas Pipe Line Co. et al. v. Sneed, Tex.Civ.App., 339 S.W.2d 916, n. w. h. The defendant testified that he resided in Lamar County about six months of each year, and he also kept a bank deposit at the First National Bank in Deport. Under the pleadings and the evidence, the plea of privilege should have been sustained.

The judgment of the trial court is reversed, and judgment is here rendered sustaining the plea of privilege and ordering the case transferred to Lamar County.

Reversed and rendered.