Nathan KISER, Appellant,

v.

LEMCO INDUSTRIES, INC., Appellee.

No. 8494.

Court of Civil Appeals of Texas, Amarillo.

Feb. 28, 1975.

Ben D. Sudderth, Comanche, for appellant.

Warren G. Tabor, Levelland, for appellee.

ROBINSON, Justice.

This is a venue case growing out of a written contract between Nathan Kiser, seller, and Lemco Industries, Inc., as buyer, for the purchase of 1,000,000 pounds of grain at $2.50 per hundred, F.O.B. Levelland, Texas. Plaintiff Lemco alleges by its petition that defendant Kiser failed and refused to deliver the grain contracted for to plaintiff. Plaintiff filed suit in the district court of Hockley County, Texas, for $20,000 representing the difference between the contract price and the price which plaintiff was required to pay for 1,000,000 pounds of grain at the time provided for delivery in the contract. The trial court overruled defendant Kiser's plea of privilege. Kiser appealed. Plaintiff Lemco seeks to sustain venue by virtue of Subdivision 5 of Article 1995, Vernon's Ann.Civ.St. Affirmed.

Subdivision 5, Article 1995, V.A.C.S., provides as follows:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or

a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

We take judicial knowledge that Levelland, Texas, is the county seat of Hockley County, and is, therefore, a definite place therein within the meaning of Subdivision 5. Vinson v. Horton, 207 S. W.2d 432 (Tex.Civ.App.—Texarkana 1947, no writ); Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd).

The term "F. O. B." is defined by Sec. 2.319 of the Uniform Commercial Code, V.A.C.S., as follows:

"(a) Unless otherwise agreed the term F. O. B. (which means 'free on board') at a named place, even though used only in connection with the stated price, is a delivery term under which"

\* \* \* \* \* \*

"(2) when the term is F. O. B. the place of destination, the seller must at his own expense and risk transport the goods to that place and there tender delivery of them in the manner provided in this chapter (Section 2.503)."

We conclude that seller Kiser has contracted in writing to perform an obligation, to wit, the delivery of grain, in Hockley County, expressly naming a definite place therein by such writing.

Where suit is brought for damages by reason of the breach of the obligation of delivery by seller under such circumstances, the courts have held that venue may be maintained under Subd. 5 in the county designated in the writing as the place for delivery. Vinson v. Horton, supra; Pittman & Harrison Co. v. B. F. Robey & Co., 234 S.W. 1114 (Tex.Civ.App. —Dallas 1921, no writ); North Texas Tank Company v. Pittman, 290 S.W.2d 724 (Tex.Civ.App.—Texarkana 1956, no writ); Tyson v. Seaport Grain, Inc., supra.

Defendant seller contends that, because the contract contains a specific provision for assessment of damages (the difference between the contract price and the price paid by the buyer to make up any shortage) in the event of a breach of the agreement to deliver 1,000,000 pounds of grain, the suit is one for payment of damages rather than for failure to perform under the contract and further that because the contract does not expressly provide a place for payment of such damages that his plea of privilege should be sustained.

The contract provision in question reads:

"The Buyer or Seller has the right to purchase enough grain at current prices to fill any shortage of contract and charge the difference to the seller. Time limit stated in contract shall apply."

Both plaintiff and defendant rely on the holding of the Supreme Court in Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952) as support for their respective positions. In Rorschach, the defendant entered a contract for the purchase of casinghead gas. The contract provided that purchaser was to take delivery of the gas in Hutchinson County, but no place of payment was stated in the written contract. The suit alleged that purchaser failed to receive, and accordingly failed to pay for, the full amount of gas he was bound to accept and pay for under the contract. The Supreme Court held that the essential obligation in the suit was the buyer's obligation of payment, and since no place for performance of that obligation was provided in the writing, that the exception to the general venue rule set out in Subd. 5 did not apply.

The Court distinguished cases such as Coffield v. Richter, 229 S.W.2d 97 (Tex. Civ.App.—Austin 1950, no writ) in which there were consequential damages growing out of the failure to take itself, as opposed to a failure to pay the contract price.

The cause of action in Rorschach was upon or by reason of the failure of the

buyer to pay the amount of money that he had contracted to pay. The essential obligation of the buyer in the suit was payment. No place of payment was set out in the writing. Hence, venue was in the county of defendant's residence.

Applying the same reasoning to the case before us, the cause of action is upon or by reason of the breach of the seller's agreement to deliver grain in Levelland, Texas. The essential obligation of the seller in suit is delivery of the grain sold. The written contract provides for such delivery in a specific place in Hockley County. Plaintiff's petition alleges a breach of that obligation. Hence venue of the suit is properly in Hockley County.

The judgment of the trial court overruling appellant-defendant's plea of privilege is affirmed.