**GENERAL PORTLAND, INC., Trinity Division, Appellant,**

v.

**WITT & SON SAND & GRAVEL, INC., Appellee.**

No. 6081.

Court of Civil Appeals of Texas, Waco.

Oct. 18, 1979.

George C. Chapman, Jerry Grissom, Thompson & Knight, Dallas, for appellant.

Charles R. Jordan, Glen Rose, for appellee.

HALL, Justice.

Plaintiff-appellee Witt & Son Sand & Gravel, Inc., brought this suit in Somervell County against defendant-appellant General Portland, Inc., Trinity Division, for $14,777.00 asserting that defendant had breached a contract to purchase sand and gravel from plaintiff. The basic allegations in plaintiff's petition were that defendant had failed to receive, and accordingly had failed also to pay for, the minimum amount of material it was bound to accept and pay for under the contract.

Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted the plea of privilege on the ground that the suit could be maintained in Somervell County under the provisions of subdivision 5 of Article 1995, Vernon's Tex.Civ.St. After a hearing without a jury, the plea of privilege was overruled. Defendant appeals. We reverse the judgment.

Subdivision 5 of Article 1995 provides that if a defendant has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county.

In its pertinent parts, the contract sued upon provided that plaintiff agreed to sell and defendant agreed to buy a minimum of 10,000 tons of sand and gravel per month at the price of 85¢ per ton during the term of the contract, and that the material would be delivered to defendant at plaintiff's plant. The contract did not name the place of payment by defendant.

On the hearing of the plea of privilege plaintiff proved that during seven months of the contract term defendant purchased specified amounts of the material which were less than 10,000 tons per month, making a total of 29,168 tons short of the minimum requirement. Plaintiff also proved that its plant is in Somervell County.

The controlling facts in the case of *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952), were virtually identical to the facts in our case. In *Rorschach*, the Supreme Court held (at 248 S.W.2d 123) that under these facts, where the seller seeks money damages only for the breach of the contract, the essential obligation in the suit for venue purposes is that of payment, "and since no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved."

We sustain defendant's second point of error in which it is asserted that the evidence is legally insufficient to maintain venue in Somervell County under subdivision 5.

The judgment of the trial court is reversed, and judgment is rendered sustaining defendant's plea of privilege and transferring this cause to the District Court of Dallas County.