John CARROLL, Appellant,

v.

Billy C. ROYS, et ux., Appellees.

No. 9092.

Court of Civil Appeals of Texas, Amarillo.

April 23, 1980.

---

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

La Font, Tunnell, Formby, La Font & Hamilton, Tom Hamilton and Larry McEachern, Plainview, for appellees.

DODSON, Justice.

In the venue phase of this action brought by Billy C. Roys and wife Vera V. Roys, appellees, against John Carroll, appellant, we affirm the trial court's order overruling Carroll's plea of privilege. The Roys, in their action, claim damages as the result of Carroll's breach of a written construction contract. By the contract, Carroll agreed to "furnish materials and perform the work for construction of a dwelling & foundation as specified [therein] on a tract of land owned by Billy C. Roys located in Flomot, Texas." The evidence shows that Flomot, Texas is located in Motley County. Carroll filed his plea of privilege to be sued in Lubbock County. After a bench hearing, the trial court sustained venue in Motley County, under subdivision 5 of article 1995. Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 5 (Vernon Supp.1980). Carroll appeals from this order.

It is uncontradicted that the Roys requested Carroll to perform his obligations under the construction contract, and that he totally failed and refused to perform any such obligations. In their petition, the Roys claim damages in the amount of $9,784.00 as the difference between the contract price of $27,200.00 for the dwelling and foundation, and the reasonable cost of $36,984.00 to purchase and erect a house with equivalent specifications on their property in Motley County. Also, they allege damages in an unspecified amount for interest paid on a loan to finance the payment for the house and for damages in an unspecified amount under the liquidated provision of the contract.

On appeal Carroll says that the trial court erroneously sustained venue of this action in Motley County under subdivision 5 of article 1995, because the written agreement between the parties failed to provide that he was obligated to pay any damages in the county of suit for any breach of the contract. Nevertheless, the Roys maintain that under the contract Carroll is obligated to "furnish materials and perform the work for construction of a dwelling foundation as specified [in the contract] on a tract of land owned by Billy C. Roys in Flomot, Texas"; that Carroll failed and refused to perform his obligation under the contract; that such obligation is the essential obligation under the contract; that as a result of Carroll's nonperformance of the essential obligation, they sustained damages; and that venue of their cause of action for damages resulting from Carroll's nonperformance is properly maintained in Motley County by virtue of subdivision 5 of article 1995. Subdivision 5 of article 1995 provides:

> 5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 5 (Vernon Supp.1980).

In support of his position, Carroll primarily relies on *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952). In *Rorschach*, the defendant entered into a contract for the purchase of casinghead gas. The contract provided that the purchaser was to take delivery of the gas in Hutchinson County but no place of payment was stated

in the written contract. The seller alleged that the purchaser failed to receive, and accordingly failed to pay for the full amount of gas he was bound to accept and pay for under the contract. The supreme court held that the *essential obligation in the suit* was the buyer's obligation of payment, and since no place for performance of that obligation was provided in the writing, the exception to the general venue rule set forth in subdivision 5 did not apply. *Rorschach v. Pitts, supra*, at 123. The effect of the decision in *Rorschach* is that the defendant must agree in writing to perform the essential obligation upon which the plaintiff's cause of action is grounded in the county of suit.

Applying the reasoning of *Rorschach* in the case before us, the essential obligation which forms the basis of the Roys' cause of action is the obligation of Carroll to "furnish materials and perform the work for construction of a dwelling & foundation as specified [in the contract] on a tract of land owned by Billy C. Roys in Flomot, Texas." Under these circumstances, we conclude that the trial court did not err by overruling Carroll's plea of privilege. *See Kiser v. Lemco Industries, Inc.*, 521 S.W.2d 142 (Tex.Civ.App.—Amarillo 1975, no writ); *Houston Heating & Air Conditioning, Inc. v. Semands*, 318 S.W.2d 777 (Tex.Civ.App.—Waco 1958, writ dism'd); *Coffield v. Richter*, 229 S.W.2d 97 (Tex.Civ.App.—Austin 1950, no writ).

In summary, we overrule Mr. Carroll's points of error. Accordingly, the order of the trial court overruling Mr. Carroll's plea of privilege is affirmed.