## MARTIN v. SOUTHERN ENGINE & PUMP CO.

### No. 10843.

Court of Civil Appeals of Texas. Galveston.
June 28, 1939.

Hurst, Leake & Burke, of Longview, for appellant.

Vinson, Elkins, Weems & Francis, of Houston (Frank G. Dyer, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal calls for a review of but a single portion of the trial court's judgment, towit:

Through instructed verdict the appellee was awarded a $350.48 recovery against appellant, together with a foreclosure of its claimed lien on the machinery involved, as the determined balance due it from him on two written contracts between them, of dates March 7 and March 19, 1936, respectively, wherein the appellee had sold appellant by the March 7 contract two "Pre-Cooler Separators of Frick Design", and by the one of March 19, a "Hercules Engine".

That much of the judgment was not appealed from, the only part tendered for consideration here being the further action of the trial court in also instructing a verdict for the appellee on the appellant's cross-action against it for $610 damages, alleged to have resulted to him from the failure of the Hercules engine to perform as warranted in the contract—inclusive of the court's coincident refusal to permit the appellant to introduce evidence tending to support the allegations of such cross-action.

The two contracts were declared upon as one in the bringing of the suit, were so treated by the court and the parties on the trial, and obviously should be construed as though embodying a single transaction; this much of the appellee's brief is at this stage copied as accurately and succinctly stating the single question of law the appeal really presents, towit:

"The basis of appellant's cross-action against appellee was that he purchased from it (1) Hercules Engine, 4–inch by 4–½ inch bore and stroke, with certain appurtenances. The contract of purchase was in writing and was on a printed form in use by the appellee. The following language is written into the body of the contract in hand writing:

"'Engine to pull a Frick 6 x 6 Compressor at 200 head-pressure, Speed 360 RPM, Engine Speed 1200.'

"There is also a printed provision in the contract, which reads as follows:

"'It is a further condition of this contract that the Southern Engine & Pump Company shall not be responsible for original damages in the use of this machinery, nor in any event for consequential damages.'

"Appellant alleged in his cross-action that the engine purchased from appellee would not pull a Frick 6 x 6 Compressor at 200 pounds head pressure speed, 360 RPM, at an engine speed of 1200, and that on account of this fact appellee had breached its warranty.

"He also alleged that on account of the failure of the engine to perform as warranted he, during four months of 1936, sustained a loss of 244 tons of ice of the reasonable market-value of $610.00, for which he sued appellee. The Pump Company contended in the trial court that, on account of the printed provision of this contract, which provided against its responsibility for consequential damages, appellant could in no event recover the damages sought against it by his cross-action, they being consequential damages.

"The trial court sustained this contention, and refused to permit any evidence to be introduced to sustain the allegations of appellant's cross-action. The trial court stated, however, that he would permit a recovery against the appellee for the difference between the value of the engine, as warranted, and its actual market-value, if appellant would allege and prove facts to sustain a recovery on this theory. He, however, refused to so amend his cross-action.

"Appellant, inferentially, if not directly, admits in his brief that, if the above-quoted printed provision of the contract controls, he cannot prevail in his appeal; but he contends that the above-quoted printed provision is inconsistent with the above-quoted written warranty in the contract, and that for this reason the trial court erred in instructing a verdict against him.

"As we view this appeal, there is but one question before the court, and that is whether or not the trial court was correct in holding that the above-quoted printed provision defeated appellant's cross-action against the appellee. If the trial court was correct in this ruling, then certainly he did not commit reversible error in refusing to permit appellant to offer evidence on his cross-action, and in instructing a verdict against him thereon."

 This court concludes that the learned trial court's construction was correct, and that the vice in the appellant's differing one is that no ambiguity nor apparent inconsistency results from the two quoted provisions of the merged contract, hence the principle he invokes from 10 Tex.Jur., 312, section 180, is inapplicable; in other words, there was no necessary nor apparent repugnancy or inconsistency between the two provisions, they being construable together as simply meaning that, while the first warranted the engine to pull the Frick Compressor "at 200 head-pressure, Speed 360 RPM, Engine Speed 1200", the second at the same time negatived any liability of the appellee for consequential damages suffered by the appellant for any breach of such warranty; it is well settled, as the appellant ably argues, that the written or type-written words in a contract will prevail over the printed ones—where ambiguity or apparent inconsistency results between the two kinds of writing, but obviously that rule becomes inapplicable where, as here, no such a conflict arises.

 Consistently with the holding that no such ambiguity results in this instance, it is equally well settled that parties to such a contract of sale may expressly provide for a limitation of the rights of the buyer, in case of a breach of the stipulated warranty; 55 C.J. at page 810; Elmberg Co. v. Dunlap Hardware Co., Tex.Civ.App., 234 S.W. 700; Nunn v. Brillhart, 111 Tex. 588, 242 S.W. 459; 17 C.J. at page 711; McKibbin v. Pierce, Tex.Civ.App., 190 S.W. 1149; Southern Gas & Gasoline Co. v. Peveto, Tex.Civ. App., 150 S.W. 279; 13 Tex.Jur. at page 76.

 As a corollary, it seems furthermore plain that the damages the appellant

here thus sought to both prove up and recover were consequential ones, within the declared legal meaning of that term in the quoted exemption-agreement between them; this is made manifest by the clear-cut definitions thus given by the Amarillo Court of Civil Appeals in the McKibbin case, supra [190 S.W. 1151]: "Damages which naturally follow from the breach of a contract, when the defaulting party is without notice of any special conditions that would increase the measure of liability, are 'direct'; damages which follow on account of knowledge of special conditions, imputed to the defaulting party when the contract was made, and increasing the standard of liability, are 'consequential.'"

Expressions to the same effect appear also in the cited Peveto case, as well as the 13 Tex.Jur. and 17 C.J. citations, supra.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.