**George B. ADAMS, Appellant,**

**v.**

**Dean SKINNER, Appellee.**

**No. 10420.**

Court of Civil Appeals of Texas.

Austin.

Oct. 10, 1956.

Irion, Cain, Bergman & Cocke, Dallas, for appellant.

Camp & Camp, Cameron, for appellee.

HUGHES, Justice.

This appeal is from an order overruling the plea of privilege of appellant, George B. Adams, to be sued in Brazos County, the county of his residence. The suit filed against him by appellee, Dean Skinner, was for breach of contract.

Appellant's first point is that appellee's controverting plea "does not set out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

We quote from such affidavit:

"This suit is based upon a written contract executed by the defendant with the Plaintiff which is performable in Rockdale, Milam County, Texas. The defendant expressly promised, contracted and agreed to perform and do the work involved in this litigation at Rockdale in Milam County, Texas. As is shown in plaintiff's petition, the plaintiff was under contract to do certain work and perform certain labor for the City of Rockdale in Milam County, Texas, and

thereupon a portion of said work was sub-let to the defendant and the defendant did enter into a contract with the plaintiff to do and perform certain portions of said work "in the city of Rockdale, Milam County, Texas.' Wherefore, the defendant became bound and obligated to do and perform such work but wholly failed and refused to do so. This is a suit coming clearly within the exception to exclusive venue mentioned in Section 5, Article 1995 of the revised Statute of Texas [Vernon's Ann.Civ.St. art. 1995, subd. 5], and for which reason the same should be overruled.

"Reference is here made to plaintiff's original petition on file herein and same is made a part hereof for a complete statement of the plaintiff's cause of action and of the relief sought."

The written contract referred to in the affidavit was introduced in evidence without objection. It conforms to the averments of the affidavit concerning it.

Our conclusion is that the pleading was sufficient and we overrule appellant's first point.

■ The second point is that it was not alleged in appellee's original petition that the contract sued upon was in writing.

The petition alleged that the terms of the contract were "as will more fully appear from the contract made and entered into by and between" the parties. A further allegation was that if appellee obtained the prime contract with the city that:

"* * * then plaintiff was to award or sublet certain portions thereof to the defendant at the price and on the terms theretofore agreed on between the plaintiff and the defendant and as set forth in the defendant's *written* proposal to the plaintiff relative to the matter."

In our opinion these allegations sufficiently allege a written undertaking on the part of appellant.

■ The controverting affidavit from which we have quoted clearly alleged a written contract and no objection to the pleadings or to introduction of the contract in evidence was made on the hearing. Under these circumstances we hold that the deficiency, if any, in the original petition was waived and that the pertinent venue issues were tried by consent. Rules 90, 67, Texas Rules of Civil Procedure. An excellent opinion by Chief Justice Atwood McDonald of the Fort Worth Court of Civil Appeals sustaining these holdings is found in Dillingham v. Associated Employers Lloyds, Tex.Civ.App., 233 S.W.2d 191.

No error appearing the judgment of the Trial Court is affirmed.

Affirmed.