Jack GREGORY, d/b/a Castro County Grain Elevator Company, Appellant,

v.

TYLER GRAIN AND STORAGE COMPANY, Appellee.

No. 7263.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 25, 1960.

Cowsert & Bybee, Hereford, for appellant.

Wilson, Spivey & Steger, Tyler, for appellee.

CHADICK, Chief Justice.

This is a venue case. The appellee, Tyler Grain and Storage Company, a partnership, as plaintiff, sued the appellant, Jack Gregory, a resident of Castro County, doing business as Castro County Grain Elevator Company, as defendant, in a District Court of Smith County. The trial court adjudged venue of the action to be in Smith County by reason of the provisions of Subdivision 5, Art. 1995, V.A.T.S. The trial court's judgment is affirmed.

In October, 1957, the appellant contracted to store in the government approved house of the appellee, at Tyler, Texas, 100,000 bushels of No. 2 milo grain for government loan under uniform storage rates and agreements. The written memorandum of the agreement did not specify the place storage charges were payable, though the place of storage was expressed. Only 20,000 bushels of grain was stored pursuant to the agreement. The original petition, paragraph VI, alleges:

"That by reason of the breach of said contract by Defendant, Jack Gregory, doing business as Castro County Grain Elevator Company, the Plaintiff has been damaged in the amount of One Thousand Five Hundred Nine and No/100 ($1,509.00) Dollars, which is based upon failure of defendant Jack Gregory, doing business as Castro County Grain Elevator Company to store 80,000 bushels of grain for the period January 1, 1958, to April 1, 1958, at the rate of .047 of 1¢ per day per bushel."

What is the gravamen of the action? Is the suit to recover on a contractual obligation to pay storage charges on 80,000 bushels of grain, or for the breach of the obligation performable in Smith County to store the grain? Decision on these questions control disposition of the appeal.

As a starting base, the error asserted being one of no pleading and no evidence to support the judgment rendered, it should be observed that the proof introduced, and inferences therefrom, must be given the most favorable meaning it will convey in support of the court's findings; and that evidence or inferences to the contrary will be disregarded. See Cartwright et al. v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System Inc., 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561. And the pleadings will be construed as favorably to the judgment as possible, since the objection comes after verdict. 8 Tex.Juris. 10 Year Supp., p. 284, Sec. 208.

It is judicially known that Tyler is the County seat of Smith County. Given its most favorable meaning, the testimony and inferences therefrom of one of the partners in the firm, in explanation of the "uniform storage rates and agreements" clause of the memorandum, can be summed up as stating that the appellant was not primarily obligated to pay storage on the grain. Appellant's obligation in this respect was to furnish a list of names of the farmers owning the grain shipped for storage, and the appellee was to issue warehouse receipts and draw draft upon the grain owner's bank for payment of storage, handling, and other charges. Turning to the pleadings, if paragraph VI of the original petition is given its most favorable construction there is no distortion of the meaning of the language used to construe it as stating an action for breach of the obligation to store 100,000 bushels of grain in Smith County, and for all direct and special damages occasioned by the breach. The reference to the storage rate may be construed as an effort by the pleader to state a measure of damage.

The proof and pleading thus construed support the trial court's implied finding that the particular obligation of the contract ap-

pellee seeks to enforce by the suit is that to store 100,000 bushels of grain, which was performable in Smith County, and the damage to be recovered is that which accrues as a consequence of the breach of such obligation. This view is compelled by the uncontradicted evidence of the special condition that storage, handling, and other charges accruing from storage of the grain were to be collected from persons other than the appellant.

Damages thus arising have been denominated "special" or "consequential" damages. In McKibbin v. Pierce, Tex.Civ.App., 190 S.W. 1149, 1151, it is said:

"Damages which naturally follow from the breach of a contract, when the defaulting party is without notice of any special conditions that would increase the measure of liability, are 'direct'; damages which follow on account of knowledge of special conditions, imputed to the defaulting party when the contract was made, and increasing the standard of liability, are 'consequential' ".

See also Martin v. Southern Engine & Pump Co., Tex.Civ.App., 130 S.W.2d 1065, n. w. h., and Damages, 13 Tex.Juris. Sections 43 and 44. Appellant had knowledge that storage and other charges were to be collected from the owners of the grain, and he contracted with reference thereto and knew the breach of his contract to store in Smith County would deprive the appellee of its charges.

Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123, deals with a suit upon a contract that specified the place a party was to take delivery of gas, but did not name the place he was obligated to pay for it. The Supreme Court held that the particular obligation sought to be enforced was that for payment, and in the course of the decision said:

"* * * The character of the suit, which does not seek consequential damages from the failure to take the gas, is different from that in cases like Coffield v. Richter, Tex.Civ.App., 229 S.W.2d 97, in which latter the defendant had actually paid for the oil in the storage tank, but by his failure to take delivery of it, had kept the plaintiff from selling the tank itself to another party. * * * "

On the basis of the reasoning employed it is clear that the terms of Subdivision 5, Art. 1995 are applicable in this case because the appellee seeks to recover all damages, including special damages accruing by reason of the breach of the obligation performable in Smith County to store 100,000 bushels of grain, and not merely the obligation of the appellant, if any, to pay storage charges. Besides Coffield v. Richter, Tex.Civ.App., 229 S.W.2d 97, n. w. h., see Vinson v. Horton et al., Tex.Civ.App., 207 S.W.2d 432, 435, where it is said:

"* * * With regard to the point raised by appellant that the controverting plea was insufficient to allege a contract performable in Hunt County, it is to be noted it is alleged in said plea that the suit was to recover the difference in what plaintiffs were required to pay for corn which the defendant had contracted in writing to sell and deliver to plaintiff in Greenville, Hunt County, Texas, which he failed and refused to deliver, and the amount they had to pay for the corn from other parties. * * * "

And North Texas Tank Company v. Pittman, Tex.Civ.App., 290 S.W.2d 724, n. w. h., where recovery for increase in gas cost etc., was a part of the damages in issue.

The appellant states in his brief that for venue purposes the pleadings only may be considered in determining the essential obligation of the contract the suit is brought to enforce. The rule is thought to be otherwise as an examination of Rorschach v. Pitts, supra, Coffield v. Richter, supra, and Vinson v. Horton, supra, and every other case treating this question coming to the attention of this court, shows the courts have consistently looked to the proof

as well as the pleadings to determine the particular obligation made the basis of the action. No objection was made to the pleading or admission of evidence, and any complaint that the issue of special damage was tried outside the pleading has been waived. See Rules 67 and 90; Adams v. Skinner, Tex.Civ.App., 294 S.W.2d 417, n. w. h.

Having concluded that the breach of the obligation to store 100,000 bushels of grain is the gravamen of the action, it follows that the judgment of the trial court is correct and will be affirmed.

It is so ordered.