Jaime **ESPARZA**, District Attorney for the 34th Judicial District and Jose Rodriguez, County Attorney for El Paso County, Appellants,

v.

**SAFETY NATIONAL CASUALTY CORPORATION** (Agent Fernando Rodriguez d/b/a America III Bail Bonds), Appellee.

No. 08–06–00217–CV.

Court of Appeals of Texas, El Paso.

Aug. 9, 2007.

Cygne Nemir, Asst. County Atty., El Paso, for Appellant.

Fernando Chacon, El Paso, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

Appellants bring this interlocutory appeal from a denial of their motion to dismiss Appellees' petition for failure to amend pursuant to Section 101.106(f) of the Texas Civil Practice and Remedies Code. We reverse and render.

This case has been here before. Intervenor, Safety National Casualty Corporation, through purported agent Fernando Rodriguez, doing business as America III Bail Bond ("Safety") filed Plaintiff's First Amended Petition for Declaratory Judgment, Temporary Restraining Order, Injunction, and Request for Disclosure on November 4, 2004. The petition was filed as a counter-suit against El Paso County Attorney Jose Rodriguez and El Paso County District Attorney Jaime Esparza. The underlying cause of action was a bond forfeiture proceeding brought by the County Attorney's office against Carmen Calderon, a criminal defendant, and Safety, her bond guarantor. The forfeiture proceeding sought to recover bond monies after Calderon failed to appear in court.

In 1996, the District Attorney's office and the County Attorney's office entered into an agreement whereby the County Attorney would handle all of the bond forfeiture cases in the district and county courts in El Paso County, Texas.[1] Safety's November 2004 counter-petition challenged the constitutionality and legality of this arrangement and asked the trial court

for declaratory relief, injunctive relief, dismissal of the bond forfeiture case, costs, attorney's fees, and damages. Safety also contended that this arrangement creates a conflict of interest for the County Attorney. On January 27, 2005, the trial court issued an order finding that the County Attorney's office did not have proper authority to prosecute bond forfeiture claims. The trial court further ordered that the County Attorney and his assistants cease and desist in representing the District Attorney in bond forfeiture cases in El Paso County.

The County Attorney filed a petition for a writ of mandamus with this Court, seeking to vacate the trial judge's order. We conditionally granted mandamus and directed the trial court to vacate its January 27, 2005 order. *In re State ex rel. Rodriguez*, 166 S.W.3d at 899. In doing so, we explicitly held that because of the agreement with the District Attorney, the County Attorney has the authority to represent the State in bond forfeiture proceedings in El Paso County. *Id.* We further held that Safety had failed to establish a conflict of interest that would require that the County Attorney cease prosecution of bond forfeitures. *Id.* The trial court subsequently vacated the order.

In October of 2005, the District Attorney and County Attorney ("the State") filed a Motion for Amended Pleadings Pursuant to Section 101.106(f) of the Texas Civil Practice and Remedies Code. Section 101.106 of the Texas Civil Practice and Remedies Code is the Election of Remedies Provision of the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.106 (Vernon 2005). Section 101.106(f) provides that if a lawsuit is filed against an employee of a governmental

---

1. For a detailed description of how bond forfeiture proceedings operate in El Paso County, *see In re State ex. rel. Rodriguez*, 166 S.W.3d 894, 897–98 (Tex.App.-El Paso 2005, orig. proceeding).

unit based on conduct within the general scope of the employee's employment, and the suit could have been brought against the governmental unit, upon the employee's motion, the plaintiff must amend the suit to name the governmental unit in place of the employee as defendant. Tex. Civ.Prac. & Rem.Code Ann. § 101.106(f). If the plaintiff fails to amend within thirty days after the motion is filed, the trial court must dismiss the case against the employee. *Id.*

In December of 2005, Safety moved for summary judgment against Esparza and Rodriguez. Safety's motion argues that it is not bound by our holding that the County Attorney's office was acting within its authority in prosecuting bond forfeiture actions, and again requests that the trial court enter judgment ordering the County Attorney to cease and desist bond forfeiture prosecutions. The State filed a Motion to Dismiss for Failure to File Amended Pleadings in January of 2006. On May 8, 2006, on Safety's motion, the trial court severed the civil cause in intervention from the underlying bond forfeiture proceeding. Following the severance, Safety, now as the plaintiff, filed a second, identical motion for summary judgment on May 19, 2006, reflecting the new style and cause number.

In May of 2006, Safety filed a response to the State's motion to dismiss which it entitled Plaintiff's Second Amended Opposition to Defendants' Motion to Dismiss for Failure to File Amended Pleadings. The record does not contain an original or first amended response. Safety argues that because it is suing Esparza and Rodriguez in their official capacities, the suit is against the governmental entities, not the individuals. It further argues that the Declaratory Judgment Act effectively waives sovereign immunity and allows Safety to sue the governmental agencies for the official actions of the individuals.

The trial court held a hearing on the motion to dismiss on May 31, 2006. After this hearing, but before ruling, the trial judge left for vacation from which he did not return until July. The County Attorney filed a second petition for mandamus in this Court on April 6, 2006, complaining, among other things, that the trial court had failed to rule on its motion to dismiss. We denied mandamus relief, stating that the Relator could reassert his complaint if the trial court did not rule within a reasonable time upon returning from vacation. *State ex rel. Rodriguez*, 196 S.W.3d 454, 459 (Tex.App.-El Paso 2006, orig. proceeding).

The trial court denied the motion to dismiss on July 6, 2006. It does not appear from the record that the trial court ruled on the motion for summary judgment. Appellants filed this interlocutory appeal.

*Standard of Review*

■■ We review a trial court's determination of a motion to dismiss using an abuse of discretion standard.[2] A court abuses its discretion when it makes decision that is so arbitrary and unreasonable that it rises to the level of a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court further commits an abuse of discretion when it acts by making a decision without reference to any guiding rules or

---

**2.** We recognize that some of our sister courts have reviewed dismissals under Section 101.106(f) using a *de novo* standard. *See Sheth v. Dearen*, 225 S.W.3d 828, 831 n. 2 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

Those cases, however, generally deal with waivers of sovereign immunity under the Texas Tort Claims Act, and accordingly, are dealing with questions of law, which are properly reviewed *de novo*.

principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). We may not overturn the trial court's judgment unless it is apparent from the record that the trial court could have reached only one result. *Walker,* 827 S.W.2d at 839–40.

■ The State's motion to dismiss is based on the election of remedies provision contained in the Texas Tort Claims Act (TTCA), codified in the Texas Civil Practice and Remedies Code. Tex.Civ.Prac. & Rem.Code Ann. § 101.106. Safety argues that it did not bring any claims under the TTCA but rather is asserting claims under the Uniform Declaratory Judgment Act (UDJA). Safety's petition requests, among other things, damages. The UDJA, however, does not permit an award of damages. *See City of Houston v. Williams,* 216 S.W.3d 827, 829 (Tex.2007). Therefore, Safety must seek damages under a different authority. Because Safety's petition is silent as to the authority under which it claims entitlement to damages, we look to Safety's other pleadings to determine the gravamen of its claims. *See Texas Natural Resource Conservation Com'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001); *Gregory v. Tyler Grain & Storage Co.,* 341 S.W.2d 221, 223–24 (Tex.Civ.App.-Texarkana 1960, no writ).

Safety's motion for summary judgment specifically invokes the TTCA as the authority which grants it the right to damages.

> Safety's motion states, in relevant part: Movant is entitled to sue the County for damages based upon misuse of the surety bonds placed in its possession and trust by Movant.... [T]he surety bonds on file constitute tangible property which has been placed in the trust of the County of El Paso.... Consequently, the County is liable for misuse and mishandling of the bonds when these cause

damages for the bail bond companies, as their misuse by Respondent has caused Movant. Therefore, Movant is entitled to proceed on his suit for damages under the use of tangible property provisions of Section 101.021 of the Texas Civil Practice and Remedies Code.

■ Section 101.021 of the Texas Civil Practice and Remedies Code assesses governmental liability under the TTCA for, among other things, personal injuries caused by the misuse of tangible personal property. Tex.Civ.Prac. & Rem.Code Ann. § 101.021(2). Therefore, we find that Safety has asserted claims for damages under the TTCA.

■ Having found that Safety has invoked the TTCA, we turn to the State's motion to dismiss. The parties do not dispute that Safety's pleadings name Esparza and Rodriguez as defendants. Although there is some dispute over whether the style of the cause implicates the parties in their official capacities, there is no dispute that they are being sued based on their official actions. Therefore, the State was within its rights to file its motion for amended pleadings and subsequent motion to dismiss.

It is undisputed that the State filed its Motion for Amended Pleadings on October 21, 2005. It is also undisputed that Safety did not file amended pleadings, but rather filed motions in opposition. The State filed its motion to dismiss on January 5, 2006. Hence, more than thirty days passed between the time the State filed its Motion for Amended Pleading and Motion to Dismiss.

■ Section 101.106(f) states that "the suit against the employee *shall* be dismissed" if the plaintiff fails to file amended pleadings naming the governmental unit as the defendant within thirty

days of defendant's motion. Tex.Civ.Prac. & Rem.Code Ann. § 101.106(f)[Emphasis added]. We will generally construe statutory provision using the word "shall" as mandatory, unless legislative intent suggests otherwise. *Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d 934, 936 (Tex. 1983). In determining whether the Legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, the nature and purpose of the act, and the consequences that would follow from each construction. *Schepps,* 652 S.W.2d at 936, *citing Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956).

■ Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*Chisholm,* 287 S.W.2d at 945. Here, the statute provides both the time period in which the act must be done and the consequences of failing to do so. Therefore, we find that this provision is mandatory.

Accordingly, in failing to dismiss Safety's petition on the motion of the State, the trial court acted without reference to the TTCA's mandate. Therefore, we find that the trial court abused its discretion by failing to dismiss Safety's petition with prejudice. Issue one is sustained.

We reverse the order dated July 6, 2006 denying the motion to dismiss and render judgment dismissing Safety's petition with prejudice.