COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




JAIME ESPARZA, DISTRICT
ATTORNEY FOR THE 34TH JUDICIAL
DISTRICT AND JOSE RODRIGUEZ,
COUNTY ATTORNEY FOR EL PASO
COUNTY,


 Appellants,


v.



SAFETY NATIONAL CASUALTY
CORPORATION (AGENT FERNANDO
RODRIGUEZ D/B/A AMERICA III BAIL
BONDS),


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


§


§


§




No. 08-06-00217-CV



Appeal from the


120th Judicial District Court


of El Paso County, Texas 


(TC# 2006-2312) 



O P I N I O N


 Appellants bring this interlocutory appeal from a denial of their motion to dismiss
Appellees' petition for failure to amend pursuant to Section 101.106(f) of the Texas Civil
Practice and Remedies Code. We reverse and render.


 This case has been here before. Intervenor, Safety National Casualty Corporation,
through purported agent Fernando Rodriguez, doing business as America III Bail Bond
("Safety") filed Plaintiff's First Amended Petition for Declaratory Judgment, Temporary
Restraining Order, Injunction, and Request for Disclosure on November 4, 2004. The petition
was filed as a counter-suit against El Paso County Attorney Jose Rodriguez and El Paso County
District Attorney Jaime Esparza. The underlying cause of action was a bond forfeiture
proceeding brought by the County Attorney's office against Carmen Calderon, a criminal
defendant, and Safety, her bond guarantor. The forfeiture proceeding sought to recover bond
monies after Calderon failed to appear in court.

 In 1996, the District Attorney's office and the County Attorney's office entered into an
agreement whereby the County Attorney would handle all of the bond forfeiture cases in the
district and county courts in El Paso County, Texas. (1) Safety's November 2004 counter-petition
challenged the constitutionality and legality of this arrangement and asked the trial court for
declaratory relief, injunctive relief, dismissal of the bond forfeiture case, costs, attorney's fees,
and damages. Safety also contended that this arrangement creates a conflict of interest for the
County Attorney. On January 27, 2005, the trial court issued an order finding that the County
Attorney's office did not have proper authority to prosecute bond forfeiture claims. The trial
court further ordered that the County Attorney and his assistants cease and desist in representing
the District Attorney in bond forfeiture cases in El Paso County.

 The County Attorney filed a petition for a writ of mandamus with this Court, seeking to
vacate the trial judge's order. We conditionally granted mandamus and directed the trial court to
vacate its January 27, 2005 order. In re State ex rel. Rodriguez, 166 S.W.3d at 899. In doing so,
we explicitly held that because of the agreement with the District Attorney, the County Attorney
has the authority to represent the State in bond forfeiture proceedings in El Paso County. Id. We
further held that Safety had failed to establish a conflict of interest that would require that the
County Attorney cease prosecution of bond forfeitures. Id. The trial court subsequently vacated
the order.

 In October of 2005, the District Attorney and County Attorney ("the State") filed a
Motion for Amended Pleadings Pursuant to Section 101.106(f) of the Texas Civil Practice and
Remedies Code. Section 101.106 of the Texas Civil Practice and Remedies Code is the Election
of Remedies Provision of the Texas Tort Claims Act. Tex.Civ.Prac.&Rem.Code Ann.
§ 101.106 (Vernon 2005). Section 101.106(f) provides that if a lawsuit is filed against an
employee of a governmental unit based on conduct within the general scope of the employee's
employment, and the suit could have been brought against the governmental unit, upon the
employee's motion, the plaintiff must amend the suit to name the governmental unit in place of
the employee as defendant. Tex.Civ.Prac.&Rem.Code Ann. § 101.106(f). If the plaintiff fails
to amend within thirty days after the motion is filed, the trial court must dismiss the case against
the employee. Id.

 In December of 2005, Safety moved for summary judgment against Esparza and
Rodriguez. Safety's motion argues that it is not bound by our holding that the County Attorney's
office was acting within its authority in prosecuting bond forfeiture actions, and again requests
that the trial court enter judgment ordering the County Attorney to cease and desist bond
forfeiture prosecutions. The State filed a Motion to Dismiss for Failure to File Amended
Pleadings in January of 2006. On May 8, 2006, on Safety's motion, the trial court severed the
civil cause in intervention from the underlying bond forfeiture proceeding. Following the
severance, Safety, now as the plaintiff, filed a second, identical motion for summary judgment on
May 19, 2006, reflecting the new style and cause number.

 In May of 2006, Safety filed a response to the State's motion to dismiss which it entitled
Plaintiff's Second Amended Opposition to Defendants' Motion to Dismiss for Failure to File
Amended Pleadings. The record does not contain an original or first amended response. Safety
argues that because it is suing Esparza and Rodriguez in their official capacities, the suit is
against the governmental entities, not the individuals. It further argues that the Declaratory
Judgment Act effectively waives sovereign immunity and allows Safety to sue the governmental
agencies for the official actions of the individuals.

 The trial court held a hearing on the motion to dismiss on May 31, 2006. After this
hearing, but before ruling, the trial judge left for vacation from which he did not return until July. 
The County Attorney filed a second petition for mandamus in this Court on April 6, 2006,
complaining, among other things, that the trial court had failed to rule on its motion to dismiss. 
We denied mandamus relief, stating that the Relator could reassert his complaint if the trial court
did not rule within a reasonable time upon returning from vacation. State ex rel. Rodriguez, 196
S.W.3d 454, 459 (Tex.App.--El Paso 2006, orig. proceeding).

 The trial court denied the motion to dismiss on July 6, 2006. It does not appear from the
record that the trial court ruled on the motion for summary judgment. Appellants filed this
interlocutory appeal.

Standard of Review

 We review a trial court's determination of a motion to dismiss using an abuse of
discretion standard. (2) A court abuses its discretion when it makes decision that is so arbitrary and
unreasonable that it rises to the level of a clear and prejudicial error of law. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992). A trial court further commits an abuse of discretion when it
acts by making a decision without reference to any guiding rules or principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). We may not overturn the
trial court's judgment unless it is apparent from the record that the trial court could have reached
only one result. Walker, 827 S.W.2d at 839-40.

 The State's motion to dismiss is based on the election of remedies provision contained in
the Texas Tort Claims Act (TTCA), codified in the Texas Civil Practice and Remedies Code. 
Tex.Civ.Prac.&Rem.Code Ann. § 101.106. Safety argues that it did not bring any claims under
the TTCA but rather is asserting claims under the Uniform Declaratory Judgment Act (UDJA). 
Safety's petition requests, among other things, damages. The UDJA, however, does not permit
an award of damages. See City of Houston v. Williams, 216 S.W.3d 827, 829 (Tex. 2007). 
Therefore, Safety must seek damages under a different authority. Because Safety's petition is
silent as to the authority under which it claims entitlement to damages, we look to Safety's other
pleadings to determine the gravamen of its claims. See Texas Natural Resource Conservation
Com'n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Gregory v. Tyler Grain & Storage Co., 341
S.W.2d 221, 223-24 (Tex.Civ.App.--Texarkana 1960, no writ).

 Safety's motion for summary judgment specifically invokes the TTCA as the authority
which grants it the right to damages.

 Safety's motion states, in relevant part:

 Movant is entitled to sue the County for damages based upon misuse of the surety
bonds placed in its possession and trust by Movant. . . . [T]he surety bonds on
file constitute tangible property which has been placed in the trust of the County
of El Paso. . . . Consequently, the County is liable for misuse and mishandling of
the bonds when these cause damages for the bail bond companies, as their misuse
by Respondent has caused Movant. Therefore, Movant is entitled to proceed on
his suit for damages under the use of tangible property provisions of Section
101.021 of the Texas Civil Practice and Remedies Code.


Section 101.021 of the Texas Civil Practice and Remedies Code assesses governmental liability
under the TTCA for, among other things, personal injuries caused by the misuse of tangible
personal property. Tex.Civ.Prac.&Rem.Code Ann. § 101.021(2). Therefore, we find that
Safety has asserted claims for damages under the TTCA.

 Having found that Safety has invoked the TTCA, we turn to the State's motion to
dismiss. The parties do not dispute that Safety's pleadings name Esparza and Rodriguez as
defendants. Although there is some dispute over whether the style of the cause implicates the
parties in their official capacities, there is no dispute that they are being sued based on their
official actions. Therefore, the State was within its rights to file its motion for amended
pleadings and subsequent motion to dismiss.

 It is undisputed that the State filed its Motion for Amended Pleadings on October 21,
2005. It is also undisputed that Safety did not file amended pleadings, but rather filed motions in
opposition. The State filed its motion to dismiss on January 5, 2006. Hence, more than thirty
days passed between the time the State filed its Motion for Amended Pleading and Motion to
Dismiss.

 Section 101.106(f) states that "the suit against the employee shall be dismissed" if the
plaintiff fails to file amended pleadings naming the governmental unit as the defendant within
thirty days of defendant's motion. Tex.Civ.Prac.&Rem.Code Ann. § 101.106(f)[Emphasis
added]. We will generally construe statutory provision using the word "shall" as mandatory,
unless legislative intent suggests otherwise. Schepps v. Presbyterian Hosp. of Dallas, 652
S.W.2d 934, 936 (Tex. 1983). In determining whether the Legislature intended a provision to be
mandatory or directory, we consider the plain meaning of the words used, the nature and purpose
of the act, and the consequences that would follow from each construction. Schepps, 652 S.W.2d
at 936, citing Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956).

 Provisions which are not of the essence of the thing to be done, but which are
included for the purpose of promoting the proper, orderly and prompt conduct of
business, are not generally regarded as mandatory. If the statute directs,
authorizes or commands an act to be done within a certain time, the absence of
words restraining the doing thereof afterwards or stating the consequences of
failure to act within the time specified, may be considered as a circumstance
tending to support a directory construction.


Chisholm, 287 S.W.2d at 945. Here, the statute provides both the time period in which the act
must be done and the consequences of failing to do so. Therefore, we find that this provision is
mandatory.

 Accordingly, in failing to dismiss Safety's petition on the motion of the State, the trial
court acted without reference to the TTCA's mandate. Therefore, we find that the trial court
abused its discretion by failing to dismiss Safety's petition with prejudice. Issue one is sustained.

 We reverse the order dated July 6, 2006 denying the motion to dismiss and render
judgment dismissing Safety's petition with prejudice.




August 9, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. For a detailed description of how bond forfeiture proceedings operate in El Paso County,
see In re State ex. rel. Rodriguez, 166 S.W.3d 894, 897-98 (Tex.App.--El Paso 2005, orig.
proceeding).
2. We recognize that some of our sister courts have reviewed dismissals under Section
101.106(f) using a de novo standard. See Sheth v. Dearen, 225 S.W.3d 828, 831 n.2 (Tex.App.--Houston [14th Dist.] 2007, no pet.). Those cases, however, generally deal with waivers of
sovereign immunity under the Texas Tort Claims Act, and accordingly, are dealing with
questions of law, which are properly reviewed de novo.